did not affect this question, and the third parcel must have re-
mained the primary fund for the satisfaction of the first mortgage.
A purchaser on the foreclosure of the second mortgage has a right
to be protected in his purchase. Defendant Winchester must have
understood this when he took the mortgage on the third parcel.—
The same conclusion is reached by the application of the rule of in-
verse order of alienation.

It was argued for defendant Winchester that he had never until
now had an opportunity to protect his interest in parcel three, be-
cause had he bid at the sale under the prior foreclosure a sum
greater than the amount due on the decree, it must have been paid
over to the mortgagor, and consequently would have been of no
avail in reducing the securities. *Held*, that this was a mistake.—
Any surplus must have been paid into Court, and would have been
applied on one of the securities on the proper petition.

It was part of the arrangement when Isbell bought, that the
third parcel should be sold first. The decree of the Circuit Court
was accordingly ordered modified. The costs of Isbell were or-
dered taxed and added to the amount for which sale will be made
under the decree.

---

HASKELL *et al. vs.* HUNTER *et al.*

Error to Ionia Circuit.

*Opinion by* COOLEY, J.—*Held*, That the Circuit Court erred
in directing the jury to deduct the 18,200 feet of lumber received
by the plaintiffs from the whole amount to be delivered, when they
entered upon the computation of damages. The effect was to pre-
vent the plaintiffs from recovering in respect to this portion of the
timber as if it had been delivered in compliance with the contract,
and accepted by the plaintiffs in satisfaction of the undertaking of
the defendants to that extent. But the record shows that it was
not delivered as agreed, and that the plaintiffs were subjected to a
heavy bill for freight in consequence; and there is nothing to show
that there has been any waiver by the plaintiffs of their right to be

compensated for the loss sustained by this breach of the agreement.

The Court also erred in instructing the jury that in getting at the proper measure of damages in respect to the lumber not delivered, they must allow the plaintiffs only the difference between the price they were to pay for the lumber, and the wholesale price at the place of delivery. The true question was not one of wholesale or retail price, but what it would have cost the plaintiffs to procure at the point of delivery and at the time when it was proper to supply themselves lumber of the kind and quality they were to receive on the contracts, and deducting the contract price from the cost.

Judgment reversed and a new trial ordered.

---

## PRESTON *vs.* WHITNEY.

An instrument as follows: " $70. DETROIT, Nov. 25th, 1869.
  On demand, after date, I promise to pay to the order of M. Preston, seventy dollars, value received, with 7 per cent. interest.
  This note is valid as part pay for a piano-forte bought of me at retail price.
                          C. J. WHITNEY."
is a promissory note for the payment of money with the option of the payer to apply it as part payment on the purchase of a piano.

Error to Wayne Circuit.

*Opinion by* CHRISTIANCY, J.—The instrument upon which plaintiff sought to recover was in the following words:

"$70.                          DETROIT, Nov. 25th, 1869.
  On demand, after date, I promise to pay to the order of M. Preston seventy dollars, value received, with 7 per cent. interest.

  This note is valid as part pay for a piano-forte bought of me at retail price.

                          C. J. WHITNEY."

*Held,* That *prima facie*, and without any explanatory evidence *aliunde*, this instrument must be regarded as a promissory note for the payment of money with the option of the payer to apply it as part payment on the purchase of a piano, of the maker, at retail