William Wendnagel et al., Appellees, v. George T. Houston et al., Appellants.

Gen. No. 14,976.

1. EVIDENCE—*of what judicial notice taken.* It is a matter of common knowledge, of which courts must necessarily take judicial notice, that there is probably no article of merchandise bought and sold in the market in both large quantities and small quantities but that the price is less when purchased in larger quantities. The line of demarcation, however, between the lesser and the higher prices, is not a matter of common knowledge.

2. EVIDENCE—*how market value must be established.* Proof of market value must be shown by a witness competent to testify to the market value of the commodity in question at the time and place involved when sold in the quantities in issue, when a defendant raises a question as between wholesale and retail prices.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed June 3, 1910.

F. H. WICKETT, GEORGE J. MEIER and H. C. LUST, for appellants.

ADAMS & FROEHLICH, for appellees.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

This is an action of assumpsit to recover damages for breach of contract in that defendants failed to deliver 100,000 feet of oak lumber which the plaintiffs had purchased of the defendants. The contract of purchase was made in October 1902, at $41 per thousand feet, for delivery about August 1903. By a later agreement the time of delivery was extended to November 1903. The case has been before this court once before. Houston v. Wendnagel, 135 Ill. App. 95. On that former occasion the plaintiffs had recovered a judgment, but this court was obliged to reverse the

judgment and remand the case for a new trial. Although the contract time for the delivery of the lumber was November 1903, by reason of an extension of time, it appears that the plaintiffs, then, for the purpose of having the damages determined for the non-delivery, introduced evidence of the market value of the lumber at points of time other than November 1903. Evidence was even introduced tending to show the price of the lumber as late as November 1904, a full year after the breach occurred. The reversal necessarily followed. The plaintiffs have again recovered a judgment. Indeed the defendants do not dispute their breach of the contract. It only remains to be determined whether any damages were sustained by the plaintiffs and, if any were sustained, then the amount thereof. The facts of the case appear fully in the report of the former hearing in this court and it is unnecessary to now re-state them.

Unfortunately for the parties we are again obliged to reverse the judgment and to remand the case for a new trial, on account of error, going to the merits of the case, in the theory upon which the case was tried.

It may well be that a retail dealer buying and selling the kind of lumber in question in small quantities would know and be familiar with the market price in such quantities, but would know nothing of the market price when the same kind of lumber was sold in large quantities of one hundred thousand or a million feet. It is a matter of common knowledge, of which courts must necessarily take judicial notice, that there is probably no article of merchandise bought and sold in the market in both large quantities and small quantities but that the price is less when purchased in larger quantities. The line of demarcation, however, between the lesser and the higher prices, is not a matter of common knowledge.

The erroneous theory upon which plaintiffs, with the approval of the court, tried the case this time is well

illustrated in the instance of the first witness called by plaintiffs, George E. White. The lumber contracted for was designated as three inch 1st and 2nd white oak, 10, 12, 14, and 16 foot lengths. There is a question whether the witness qualified as having knowledge of the price of the lumber involved when sold in such large quantities as in the sale we are now concerned with, but we shall waive that question.

Plaintiffs' attorney asked the witness White the question, substantially: What was the market value of three inch 1st and 2nd white oak, 10, 12, 14 and 16 foot lengths, in Chicago, in November 1903? To this question defendants' attorney interposed an objection, stating, in substance, that as the quantity in the sale in question was 100,000 feet the question should include, as an element, that large quantity of oak lumber. The trial judge at first seemed inclined to sustain the objection and asked, of plaintiffs' attorney: "Isn't that objection well taken?" But when plaintiffs' attorney replied: "I don't think the size of the order would make any difference, at all; we were to have the lumber," and explained that plaintiffs bought the lumber for use in their own business, the court overruled the objection. We regard this ruling as erroneous.

There is evidence in the record which tends to show that when this lumber was sold in small quantities the price was higher than when it was sold in large quantities.

The rule as to the measure of damages, where the question of quantity is involved as in the case at bar, is well stated in Grand Tower Company v. Phillips, 90 U. S. (23 How.) 471. It is there said: "The true rule would seem to be, to allow the plaintiffs to show the price they would have had to pay for coal *in the quantities* which they were entitled to receive it under the contract. * * * The difference between such price and the price stipulated for by their contract, with the addition of the increased expense of transportation and hauling (if any), would be the true measure of

damages." In Bagley v. Findlay, 82 Ill. 524, our Supreme Court, in the same connection, held: "If goods are bought in large quantities the market price at retail is not the standard, but the market price in large quantities." James H. Rice Co. v. Penn Plate Glass Co., 117 Ill. App. 356, 362, is to the same effect. It is, of course, unnecessary to use either of the terms "wholesale" or "retail" in questioning witnesses on the subject of price. Indeed the use of either of these terms may lead to misunderstanding; for the quantity the examiner may have in mind, as being wholesale quantity, may not be a wholesale quantity in the mind of the witness.

The fact that in cross-examination of one of plaintiffs' witnesses defendants' attorney asked for the price of the lumber in quantities of 100,000 feet and was answered that the *value* would be *about* $50 does not fully obviate the error. The case was tried upon plaintiffs' theory that the quantity bought or sold made no difference in the price and all of plaintiffs' evidence was adduced by questions asked accordingly. This rendered the trial unfair to the defendants, who had the correct theory as to the measure of damages.

For the error indicated the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*