# CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY v. McCAULL–DINSMORE COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 628. Argued April 23, 1920.—Decided May 17, 1920.

Under the Cummins Amendment of March 4, 1915, which provides that the carrier shall be liable for the full actual loss, damage or injury, notwithstanding any limitation of liability, limitation of amount of recovery, or representation or agreement as to value in the receipt, bill of lading, etc., and which declares any such limitation

unlawful and void, a shipper, in case of loss, is entitled to damages on the basis of value at the place of destination at the time when the property should have been delivered if that is greater than the value at place and time of shipment, notwithstanding his Uniform Bill of Lading provided for computing damages on the latter basis.　P. 99.
260 Fed. Rep. 835, affirmed.

. THE case is stated in the opinion.

*Mr. O. W. Dynes*, with whom *Mr. H. H. Field, Mr. F. W. Root* and *Mr. Burton Hanson* were on the briefs, for petitioner.

*Mr. J. O. P. Wheelwright*, for respondent, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for the loss of grain belonging to the plaintiff and delivered on November 17, 1915, to the defendant, the petitioner, in Montana, for transportation to Omaha, Nebraska. The grain was shipped under the uniform bill of lading, part of the tariffs filed with the Interstate Commerce Commission, by which it was provided that "the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges, if paid." The petitioner has paid $1,200.48, being the amount of the loss so computed, but the value of the grain at the place of destination at the time when it should have been delivered, with interest, less freight charges, was $1,422.11. The plaintiff claimed the difference between the two sums on the ground that the Cummins Amendment to the Interstate Commerce Act made the above stipulation void. The District Court gave judgment for the plaintiff, 252 Fed. Rep. 664, and the judgment was affirmed by the Circuit Court of Appeals.　260 Fed. Rep. 835.

The Cummins Amendment, Act of March 4, 1915, c. 176, 38 Stat. 1196, provides that the carriers affected by the act shall issue a bill of lading and shall be liable to the lawful holder of it "for any loss, damage, or injury to such property . . . and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier . . . from the liability hereby imposed" and further that the carrier "shall be liable . . . for the full actual loss, damage, or injury . . . notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void." Before the passage of this amendment the Interstate Commerce Commission had upheld the clause in the bill of lading as in no way limiting the carriers' liability to less than the value of the goods but merely offering the most convenient way of finding the value. *Shaffer & Co.* v. *Chicago, Rock Island & Pacific Ry. Co.*, 21 I. C. C. 8, 12. In a subsequent report upon the amendment it considered that the clause was still valid and not forbidden by the law. 33 I. C. C. 682, 693. The argument for the petitioner suggests that courts are bound by the Commission's determination that the rule is a reasonable one. But the question is of the meaning of a statute and upon that, of course, the courts must decide for themselves.

We appreciate the convenience of the stipulation in the bill of lading and the arguments urged in its favor. We understand that it does not necessarily prevent a recovery of the full actual loss, and that if the price of wheat had gone down the carrier might have had to pay more under this contract than by the common law rule. But the

question is how the contract operates upon this case. In this case it does prevent a recovery of the full actual loss, if it is enforced. The rule of the common law is not an arbitrary fiat but an embodiment of the plain fact that the actual loss caused by breach of a contract is the loss of what the contractee would have had if the contract had been performed, less the proper deductions, which have been made and are not in question here. It seems to us, therefore, that the decision below was right, and as, in our opinion, the conclusion is required by the statute, neither the convenience of the clause, nor any argument based upon the history of the statute or upon the policy of the later Act of August 9, 1916, c. 301, 39 Stat. 441, can prevail against what we understand to be the meaning of the words. Those words seem not only to indicate a broad general purpose but to apply specifically to this very case.

*Judgment affirmed.*

THE CHIEF JUSTICE dissents for the reasons stated by the Interstate Commerce Commission.