CRUTCHFIELD AND WOOLFOLK *vs*. DIRECTOR GENERAL OF RAILROADS.

Suffolk.  March 30, 1921. — May 28, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Carrier*, Of goods, In interstate commerce. *Interstate Commerce Act. Contract*, Validity.

If goods are shipped from the State of Washington to the State of Pennsylvania under a bill of lading containing the provision, "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid," and through negligence of a connecting carrier while in the course of the shipment the goods are destroyed in the State of Connecticut and the value of the property at the place and time of shipment is greater than that at the place and time of destination, the shipper is entitled under § 20 of the interstate commerce act (34 U. S. Sts. at Large, 595), as amended by 38 U. S. Sts. at Large, 1197; 39 U. S. Sts. at Large, 442, to recover only the value of the property at the time and place when and where they should have been delivered.

CONTRACT against the Director General of Railroads for pears of the plaintiff negligently destroyed while being transported on the line of the New York, New Haven and Hartford Railroad at Vernon in the State of Connecticut. Writ dated October 15, 1919.

In the Superior Court, the action was heard by *Thayer*, J., without a jury, upon an agreed statement of facts. Material facts are described in the opinion. The plaintiff asked for the following rulings:

"1. Upon all the evidence the plaintiff is entitled to recover $963.85 with interest from August 30, 1918.

"2. Upon all the evidence the plaintiff is entitled to recover the invoice value of the shipment at the place of shipment.

"3. Under § 3 of the bill of lading the plaintiff in case of destruction of the property shipped is entitled to recover the value of the property at the place and time of shipment.

"4. That the plaintiff is entitled to recover the value of the property at the time and place of shipment irrespective of the value of the property at the time of its destruction.

"5. That the phrase, 'The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading,' means that in case of loss or destruction of the property the shipper is entitled to recover the value of the property at the time and place of shipment."

The rulings were refused. The judge found for the plaintiff in the sum of $500, the value of the pears at the place of destination; and the plaintiff alleged exceptions.

Material portions of § 20 of the Interstate Commerce Act (34 U. S. Sts. at Large, 595), as amended by 38 U. S. Sts. at Large, 1197; 39 U. S. Sts. at Large, 442, are as follows:

"That any common carrier, railroad, or transportation company subject to the provisions of this act receiving property for transportation . . . shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass . . . when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation . . . shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property

may pass ..., notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void: ... Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first to baggage ...; second, to property, except ordinary live stock, received for transportation concerning which the carrier shall have been or shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, ... and the Commission is hereby empowered to make such order in cases where rates dependent upon and varying with declared or agreed values would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation ...; Provided further, That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law: ...."

*J. B. Jacobs,* for the plaintiff.

*A. W. Blackman,* for the defendant.

PIERCE, J.   This is an action for loss of a carload of pears purchased by the plaintiff and delivered on August 12, 1918, to the Great Northern Railroad at Wenatchee, Washington, in apparently good order and condition, under a consignment to the plaintiff at Pittsburg, Pennsylvania. The car arrived at Pittsburg on August 23, 1918, and delivery was tendered by the carrier to the plaintiff. At the request of the plaintiff the carrier reconsigned the car to the plaintiff at Waterbury, Connecticut, with instructions to notify the W. L. Hall Company. The car arrived at

Waterbury on August 27, 1918, and the W. L. Hall Company was advised by the carrier that the car had arrived. The W. L. Hall Company declined to take delivery on the ground that the pears were ripe. On August 30, 1918, the plaintiff directed the agent of the defendant to divert the car in question to Boston, Massachusetts. The car was diverted and moved forward during the forenoon of August 30, 1918. While en route to said Boston the car was destroyed in a freight wreck at Vernon, Connecticut.

It is agreed that the price paid by the plaintiff for the pears at Wenatchee, $963.85, was the actual value of the pears at that time and place. It is further agreed that, from the time the car was shipped from Wenatchee up to the time that the car was destroyed in said wreck, the pears were constantly ripening; and due to no fault of the carrier, but solely to the fact that the pears were constantly becoming ripe, the actual value of the pears steadily decreased so that at the time the car was destroyed in said wreck the actual market value of the pears was only $500. The defendant, before suit, tendered the plaintiff the sum of $500. The plaintiff declined to accept said amount tendered, claiming it was not sufficient; and the plaintiff has not received from any one compensation for the pears destroyed.

The plaintiff claims it is entitled to receive $963.85, that being the value of the pears at the time and place of shipment, under the following provision of the bill of lading: "The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges, if paid." Relying upon the authority of *Chicago, Milwaukee & St. Paul Railway* v. *McCaull-Dinsmore Co.* 253 U. S. 97, the defendant claims that the provision hereafter quoted taken from the so called Carmack amendment to § 20 of the interstate commerce act, 34 U. S. Sts. at Large, 595, was void and without effect to support the contention of the plaintiff, because the first Cummins amendment to the interstate commerce act made the above stipulation void. U. S. St. 1915, c. 176. 38 U. S. Sts. at Large, 1197. On the other hand, the plaintiff contends that the regulation was legalized by the second Cummins amendment to the interstate commerce act. U. S. St. 1916, c. 301. 39 U. S. Sts. at Large, 442. From the agreed facts it is inferable that the bill of lading

originally issued continued in force as a binding contract by the action of the parties, until the car was destroyed at Vernon, Connecticut. *Gulf, Colorado & Santa Fe Railway* v. *Texas Packing Co.* 244 U. S. 31, 35. A judge of the Superior Court found for the plaintiff in the amount of $500, and the case is before this court on the exceptions of the plaintiff.

We do not think the second Cummins amendment is applicable to the facts of this case. If we assume with counsel that it is, it becomes necessary to compare and determine the effect of the first and second Cummins amendments upon the "Carmack Amendment," so called, to the act to regulate commerce, approved June 29, 1906. The Cummins amendment, U. S. St. 1915, c. 176, provides that the carrier affected by the act "shall issue a receipt or bill of lading . . . and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property . . . and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier . . . from the liability hereby imposed;" and further, that the carrier "shall be liable . . . for the full actual loss, damage, or injury . . . notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void." The Cummins amendment, U. S. St. 1916, in amendment of the U. S. St. 1915, so far as is material to the question at issue reads: ". . . Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, . . .; second, to property . . . received for transportation concerning which the carrier shall have been or shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agree-

ment shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, and shall not, so far as relates to values, be held to be a violation of section ten of this act to regulate commerce, as amended."

Under the first Cummins amendment, supra, as construed in Chicago, Milwaukee & St. Paul Railway v. McCaull-Dinsmore Co. supra, the shipper was permitted to recover the full actual loss, notwithstanding the stipulation in the uniform bill of lading that "the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment . . . including freight charges, if paid." It is plain that under this act the stipulated value might measure the actual loss value or be greater or less than the full actual loss. Under the second Cummins amendment, supra, in the condition therein stated, the stipulation as to value is legal but the right of the shipper to recover the full actual loss is limited by the provision that the "declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared and released." Evidently the effect of the second amendment is to limit the maximum of recovery to the value stated in the bill of lading and does not affect cases where the loss is less than the value stated in the bill of lading. This falls far short of legalizing the provision of the bill of lading that "the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment." "As a general rule, the appropriate compensation for the breach of a contract to deliver goods is their market value in money at the time and place at which they should have been delivered, with interest thereon; and it is admitted that such is the rule in an action against a carrier if the goods are never delivered. Spring v. Haskell, 4 Allen, 112." Cutting v. Grand Trunk Railway, 13 Allen, 381, 385. New York, Lake Erie & Western Railroad v. Estill, 147 U. S. 591, 622. Chicago, Milwaukee & St. Paul Railway v. McCaull-Dinsmore Co. supra. Gulf, Colorado & Santa Fe Railway v. Texas Packing Co. supra.

It follows that the loss of the shipper, subject to the limitation of the act, is to be determined by the value of the goods in the condition in which they should have been delivered by the carrier at their destination. It is agreed that the actual market value

of the pears at the place of delivery was $500. It results that the exceptions must be overruled.

*Exceptions overruled.*