LEWIS P. SMITH, Plaintiff, *v.* NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, Defendant.

Supreme Court, Oswego County, November, 1922.

Carriers — railroads — interstate commerce — failure to deliver freight — measure of damages under Cummins Amendment — abrogation of terms of bill of lading — prospective profits — recovery of less than offer of judgment — costs.

The bill of lading accompanying a shipment of coal purchased by plaintiff and shipped from a point in the state of Pennsylvania to be delivered by defendant at Fulton, N. Y., provided that " the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges, if paid." The sixth day after the shipment was made it reached its place of destination but by inadvertence of defendant it was delivered to a coal dealer other than plaintiff and was disposed of in the regular course of trade. In an action for damages for failure to deliver the coal to plaintiff, *held*, that by virtue of the Cummins Amendment (Act of March 4, 1915, chap. 176, 38 Stat. 1196) the measure of damages provided for by the bill of lading was abrogated and of no effect.

The common-law rule of damages for breach of contract was applicable, and the plaintiff was entitled to recover the value of the coal at the place of destination at the time it should have been delivered to him.

Facts which would have entitled plaintiff to special damages not having been pleaded, he was not entitled to recover prospective profits as upon a resale of the coal at retail.

The recovery being less in amount than that of defendant's offer of judgment the plaintiff was entitled to costs only up to the date of said offer, and the defendant's costs since then may be taxed and deducted from the recovery herein.

TRIAL of case at Oswego Trial Term by the court without a jury, upon an agreed statement of facts.

*Claude E. Guile*, for plaintiff.

*Charles R. Coville*, for defendant.

CHENEY, J. At the trial of this case before the court without a jury the parties stipulated the facts, the material part of which is as follows: Plaintiff was a retail dealer in coal at Fulton, N. Y.; on December 2, 1920, he purchased from the Lehigh Valley Sales Company a carload of coal containing approximately 40.152 tons, which was shipped from Coxton, Penn., to be delivered at Fulton by the defendant. The bill of lading provided that " the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges, if paid." That said carload of coal reached Fulton about December 8, 1920, and was inadvertently delivered by defendant to Morin Brothers, another coal dealer in Fulton, and was disposed of by them in the regular course of trade; that the invoice cost and replacement value of said car of coal at Fulton during December, 1920, at the time of such misdelivery, was $285.01, plus freight $135.51 and war tax $4.07, making a total of $424.59; that the retail market value of said coal on December 8, 1920, at Fulton was $521.97, the difference between that amount and $424.59, to wit, $97.38, representing plaintiff's profit upon the distribution and sale of said coal by him, in case he had received said car of coal and sold the same in the usual course of business; that at said time plaintiff had a market for it at that price.

By virtue of the Cummins Amendment (Act of March 4, 1915, chap. 176, 38 Stat. 1196) which provides that the carrier shall be liable to the holder of a bill of lading " for any loss, damage, or injury to such property  *  *  *  and no contract, receipt, rule, regulation or other limitation of any character whatsoever, shall exempt such common carrier  *  *  *  from the liability hereby imposed," and further that the carrier " shall be liable  *  *  * for the full actual loss, damage, or injury  *  *  *  notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any  *  *  *  tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful," the measure of damages for the failure to deliver the coal contained in the bill of lading is abrogated and of no effect, and the amount of the loss is to be determined by the rule of the common law applicable to damages for breach of contract. *McCaul Dinsmore Co.* v. *C., M. & St. P. R. Co.*, 252 Fed. Rep.

664; affd., *sub nom. Chicago, etc., Ry. Co.* v. *McCaul Dinsmore Co.,* 253 U. S. 97.

The common-law rule of damages in a case like this is the value of the goods at the place of destination at the time they should have been delivered. *Parsons* v. *Sutton,* 66 N. Y. 92; *Saxe* v. *Penoke Lumber Co.,* 159 id. 371. It does not appear in the stipulated facts that the plaintiff could not go into the open market and purchase coal of the kind and quantity that was wrongly delivered in this case, the stipulation being that the invoice cost and *replacement value* at Fulton was, including freight, $424.59. The plaintiff did not actually purchase coal to supply the place of that not delivered and pay therefor the retail rate, so the rule applied in *Haskell* v. *Hunter,* 23 Mich. 305, has no application. The true rule is the market price of goods of the kind specified in the quantities specified at the place of destination. *Wendnagle* v. *Houston,* 155 Ill. App. 664. The plaintiff is not entitled to recover his prospective profits upon the resale of the coal at retail, for that would constitute special damage. The facts which would entitle him to special damages are not pleaded in his complaint, and consequently cannot be recovered here. *Stecker* v. *Weaver Coal & Coke Co.,* 116 App. Div. 772; affd., 192 N. Y. 556.

It follows that plaintiff is entitled to judgment against defendant for the sum of $424.59, with interest from December 8, 1920.

It appears from the stipulation of facts that defendant served with its answer an offer of judgment for $436.40, with interest and costs to the date of said offer, May 23, 1921. As the recovery is less than that sum, the plaintiff is entitled to costs only up to the time of the offer, and the defendant is entitled to costs since. Those costs may be taxed and deducted from the recovery.

Defendant's objections to the evidence contained in the statement of facts relating to the retail price of coal and the fact that plaintiff had a market for it are sustained, with exception to plaintiff. Defendant's motion for a nonsuit is denied, with exception to defendant.

Findings may be prepared in accordance with the foregoing memorandum; if not agreed upon, to be settled on two days' notice.

*Judgment accordingly.*