(No. 17008.—Reversed and remanded.)
WOOD & CO., Appellee, *vs.* THE CHICAGO, MILWAUKEE
AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed February 18, 1926.*

1. CARRIERS—*what is proper measure of damages for delay in shipment—evidence.* Where there is no claim for special damages, the measure of damages for loss or delay in the shipment of goods is the market price of the goods of the kind and quantity specified at the place of destination or at the nearest point where there is a market for the quantity specified, and the plaintiff should not be allowed to introduce evidence that the goods had been sold to customers at a certain price.

2. SAME—*amendment of 1915 to the Interstate Commerce act does not establish a new measure of damages.* The amendment of March 4, 1915, to the Interstate Commerce act does not establish a new measure of damages for loss or delay in the shipment of goods but merely provides that the carrier shall be liable to the holder of the bill of lading for the full, actual loss, notwithstanding any limitation of liability in the bill of lading.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. FRANCIS BOR-RELLI, Judge, presiding.

CHARLES R. SUTHERLAND, and WILLIAM L. HUNTER, (M. L. BLUHM, of counsel,) for appellant.

H. C. LUST, and MADDOCK, JAFFE & GREEN, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

July 2, 1920, the Pabst Brewing Company of Milwaukee, Wisconsin, delivered to appellant for shipment to Wood & Co., wholesale grocers at Breckenridge, Texas, a car-load of cereal beverage, consisting of 450 cases, each containing

three dozen twelve-ounce bottles. The car-load was consigned to the shipper with directions to deliver to Wood & Co. on presentation of the original bill of lading. July 6 the Pabst Brewing Company drew a draft on Wood & Co. for the invoice price of the beverage, $1340.77, attached it to the original bill of lading and sent it to the First National Bank at Ranger, Texas. July 24 Wood & Co. paid the draft. In due course the shipment should have reached Breckenridge in about ten days. It went astray in transit and was located September 16, 1920, in St. Louis. Wood & Co. refused to receive the shipment and it was returned to the shipper, which allowed a credit of $1300.77, which amount was immediately forwarded to Wood & Co. No transportation charges were paid. This arrangement seems to have been agreeable to all the parties, and the case has been tried as though the delayed shipment had finally been delivered to Wood & Co. and sold by it for $1300.77. Wood & Co. brought this action in the municipal court of Chicago to recover damages accruing to it on account of the delay. Appellant tendered to appellee $40, being the difference between the invoice price and the amount returned to appellee, and also interest from July 24 on the amount paid by appellee to the shipper. Appellee recovered a judgment against appellant for $813.36 and the Appellate Court for the First District affirmed the judgment. A certificate of importance being granted this further appeal is prosecuted.

The sole question presented for decision is the proper measure of damages. It is established by the evidence and found by the Appellate Court that there was no market for the Pabst cereal beverage in car-load lots at Breckenridge, Texas, and that the nearest point at which there was such a market was Milwaukee, Wisconsin. Appellee was permitted to prove, over the objection of appellant, that the beverage had been sold by Wood & Co. to its customers for $5.25 a case, one customer ordering 100 cases. This was error. Where, as in this case, there is no claim for special

damages, the measure of damages is the market price of the goods at the place of destination, (*Northern Transportation Co.* v. *McClary,* 66 Ill. 233; *Sangamon and Morgan Railroad Co.* v. *Henry,* 14 id. 156;) and this means the market price of goods of the kind specified, in the quantity which the buyer was entitled to receive under the contract. (*Bagley* v. *Findlay,* 82 Ill. 524; *Grand Tower Co.* v. *Phillips,* 90 U. S. 471; *American Railway Express Co.* v. *Parisian Hat Co.*—Tex.—240 S. W. 947.) Where there is no such market price at the place of destination, then the market price to be used is that at the nearest point where there is a market for the quantity specified.

This was an interstate shipment and is subject to the provisions of the Interstate Commerce act. That act, as amended March 4, 1915, provides that carriers affected by the act shall issue a bill of lading and shall be liable to the lawful holder of it for the full, actual loss, notwithstanding any limitation of liability in the bill of lading. The amendment does not establish a new measure of damages but simply prohibits the carrier from limiting its liability at common law, thereby leaving the measure of damages the same as it was at common law. *Chicago, Milwaukee and St. Paul Railway Co.* v. *McCaull-Dinsmore Co.* 253 U. S. 97, 40 Sup. Ct. 504.

The decision of the Appellate Court in this case is contrary to its decision in *Wendnagel* v. *Houston,* 155 Ill. App. 664, which latter case lays down the rule as to the measure of damages in harmony with the authorities. The proper measure in this case, under the evidence now in the record, was the market price of the car-load of beverage at Milwaukee on the date the shipment was due to arrive in Breckenridge plus the cost of transportation.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the latter for a new trial.            *Reversed and remanded.*