LEOMINSTER FUEL COMPANY *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Worcester. September 29, 1926. — January 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Damages,* For loss by carrier. *Carrier,* Of freight.

A carload of coal weighing over one hundred thousand pounds was shipped from Pennsylvania to a consignee in this Commonwealth and upon delivery in the bins of the purchaser's yard it was discovered that about thirty thousand pounds had been lost in transit. In order to purchase coal at the rate which he had paid for the entire shipment, it would have been necessary for the consignee to order forty thousand pounds or over; otherwise he had to pay the retail price per ton in his city for delivery at his yard. He could not anywhere at a wholesale rate purchase the quantity he had lost. In an action by the consignee against the final carrier, it was *held,* that

(1) The damages were to be computed at the time and place of delivery, and not at the time and place of shipment;

(2) The rule governing the case was that established by the Cummins amendment to the interstate commerce act, that the interstate carrier was "liable . . . for the full actual loss, damage, or injury" caused by failure to perform the contract of carriage;

(3) The consignee, not having been deprived of a carload but of a much less quantity, was under no obligation to buy another carload of coal at the mine in order to reduce the damage;

(4) The mere fact, that the value at the consignee's place of business was a retail price involving some element of profit arising in retail business, did not prevent recovery by the plaintiff of the full actual damage sustained by it;

(5) In the circumstances, the consignee was entitled to the retail price, at the place and time of delivery, of the coal lost;

(6) The consignee was not obliged to buy another carload of coal at the mine in order to reduce the damage.

CONTRACT OR TORT for loss of coal shipped to the plaintiff from Pennsylvania. Writ dated January 17, 1925.

In the Superior Court, the facts were agreed upon and at the request of the parties *Lawton*, J., without making any decision thereon, reported the action to this court for determination.

*J. B. Hayes*, (*G. M. Barrows* with him,) for the plaintiff.
*A. W. Blackman*, for the defendant.

RUGG, C.J.    This case comes before us on an agreed statement of facts.    A carload of coal, weighing at point of shipment in the State of Pennsylvania one hundred seven thousand, five hundred twenty pounds, was consigned to the plaintiff, a retail coal dealer at Leominster in this Commonwealth.    On arrival at destination thirty thousand, eight hundred twenty pounds of the coal, being less than a carload lot, had been lost in transit on the lines of the defendant, the final carrier in interstate commerce.    The liability of the defendant is not contested.    The single question to be decided is the measure of damages which the plaintiff is entitled to recover.    The plaintiff paid for the coal $6.50 per long ton, the price at the mine in carload lots, and for transportation $4.79 per ton, being the carload rate and less than the rate for a smaller quantity than a carload. Carloads of coal consigned to the plaintiff are run upon a siding and are there unloaded or dumped into its bins in its yard.    The total cost of coal to the plaintiff thus was $11.29 per long ton delivered at destination.    In order to procure coal at this price, it would have been necessary for the plaintiff to buy an entire carload at the mine, which is any quantity weighing forty thousand pounds or over.    The plaintiff could not have purchased the quantity of coal lost at wholesale rates anywhere.    It could not have purchased the quantity lost from other dealers in Leominster for less than $13 per short ton at their yards, or $14 per short ton delivered at its yard.    This was the prevailing retail price at the time and place, and included the elements of profit involved therein.    The plaintiff contends that it is entitled to recover $14 per short ton.    The defendant contends that its liability

is limited to $11.29 per long ton, made up of the cost at the mine and the cost of transportation.

It is provided by the so called Cummins amendment, act of March 4, 1915, c. 176, 38 U. S. Sts. at Large, 1196, to the interstate commerce act, 34 U. S. Sts. at Large, 593, § 7 (39 U. S. Sts. at Large, 441), that an interstate carrier in the circumstances here disclosed "shall be liable . . . for the full actual loss, damage, or injury" caused by failure to perform the contract of carriage. The damages are to be computed at the time and place of delivery and not at the time and place of shipment in a case like the present. *Woonsocket Machine & Press Co.* v. *New York, New Haven & Hartford Railroad,* 239 Mass. 211, 214. *St. Johns N. F. Shipping Corp.* v. *S. A. Companhia Geral Commercial Do Rio de Janeiro,* 263 U. S. 119, 125.

The rule established by the Cummins amendment, in the absence of facts showing special loss or damage, does not differ essentially from the rule of the common law. "Full actual loss, damage, or injury," in the absence of some well founded claim for exceptional recompense, is the equivalent of fair compensation for the loss or damage sustained by the carrier's default, which is the rule of the common law as applied to facts like those here disclosed. We understand this to be the meaning attributed to like words of the Cummins amendment when applied to facts like those of the case at bar in *Chicago, Milwaukee & St. Paul Railway* v. *McCaull-Dinsmore Co.* 253 U. S. 97, where at page 100 it is said: "The rule of the common law is not an arbitrary fiat but an embodiment of the plain fact that the actual loss caused by breach of a contract is the loss of what the contractee would have had if the contract had been performed, less the proper deductions." To the same effect is *Wood* v. *Chicago, Milwaukee & St. Paul Railway,* 320 Ill. 341, 343. It was said by Gray, J., in *Cutting* v. *Grand Trunk Railway,* 13 Allen, 381, 385, 386: "As a general rule, the appropriate compensation for the breach of a contract to deliver goods is their market value in money at the time and place at which they should have been delivered, with interest thereon . . . . A diminution in the market value of goods by the operation

of general laws is a real and actual loss of a portion of the real and intrinsic value . . . . This allows to the person injured the value, as exactly as it can be estimated in money, of that of which he has been finally deprived by the wrongful act of the defendant; and is the most simple and just rule, as well as the easiest to be applied." *Harvey* v. *Connecticut & Passumpsic Rivers Railroad,* 124 Mass. 421, 423. *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319, 328, 329.

At the destination the only market value of coal in the quantity lost by the carrier was that established by the retail trade. There was no wholesale market where the plaintiff could procure that quantity. The plaintiff was under no obligation to buy another carload of coal at the mine in order to reduce the damage. The plaintiff had not been deprived of a carload but of a much less quantity. The plaintiff could have sold the coal lost by the defendant at $14 per ton in the ordinary course of its retail trade, and coal of that quantity could have been procured delivered at its yard only by payment of that price. That is the amount which it would have been obliged to pay in the open market, at the time and place when the defendant ought to have delivered this coal, for such quantity and quality of coal as the defendant failed to deliver to the plaintiff according to its contract. It is a mere coincidence that this market value happens to involve some element of profit arising in retail business. Such element is not recoverable as separate damage. *Crutchfield & Woolfolk* v. *Director General of Railroads,* 239 Mass. 84, 89. But that does not prevent recovery by the plaintiff of the full actual damage sustained by it. This is the precise point decided in *Crail* v. *Illinois Central Railway,* 13 Fed. Rep. (2d) 459, and *Heidritter Lumber Co.* v. *Central Railroad,* 100 N. J. L. 402. The facts in *Brown Coal Co.* v. *Illinois Central Railroad,* 196 Iowa, 562, seem to us distinguishable from those in the case at bar.

The circumstance that the plaintiff did not actually buy coal in the Leominster market to replace that lost by the defendant is immaterial. It does not affect in any respect the true rule for the ascertainment of the damages to which the plaintiff is entitled.

It follows that the plaintiff is entitled to recover $215.74, the amount which it would have had to pay if it had replaced at its yard by purchase in Leominster at the market price the coal lost by the defendant, to which is to be added interest from the date of the writ.

*Judgment to be entered accordingly.*