**UNITED STATES**
v.
**NORTHERN PAC. RY. CO.**

Civ. A. No. 2205.

United States District Court
D. Minnesota, Third Division.

Sept. 17, 1953.

George E. MacKinnon, U. S. Atty., Clifford F. Hansen, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

M. L. Countryman, Jr., and H. B. Krengel, St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This action was brought to recover damages for the destruction of freight in transit and in interstate commerce. The facts were stipulated by the parties.

Defendant concedes the loss of the freight while in its possession and prior to delivery to the consignee at destination, and admits liability.

Summarized, the facts disclose that on or about January 12, 1950, plaintiff's Commodity Corporation delivered to defendant at East Grand Forks, Minnesota, four hundred fifty, one hundred pound sacks of fresh Irish potatoes, U. S. No. 2 grade, loaded in railroad car NRC 6502. Defendant accepted said freight for carriage over its line of railroad and issued plaintiff a bill of lading therefor, designating Roger Brothers, Grand Forks, North Dakota, as consignee. Roger Brothers offered to purchase said

potatoes pursuant to a program under- taken under an Act of Congress.[1] Said consignee agreed to pay plaintiff $.25 per hundredweight for the 45,000 pounds of potatoes thus shipped. The journey of car NRC 6502 with its Irish potatoes had proceeded but a fraction of one mile when disaster in the form of fire destroyed car and contents.

The only dispute between plaintiff and defendant is this: What is the proper measure of damages plaintiff consignor is entitled to receive as a result of the loss of the shipment in question?

Plaintiff contends the market value at destination at the time of delivery, in the sum of $675 plus interest, is the proper measure of damages.

Defendant contends the true measure of damages to be the amount which plaintiff would have received had the Irish potatoes been delivered to consignee in good condition and on that basis defendant offers to allow judgment to be taken against it in the sum of $112.50.

Plaintiff cites the Carmack Amendment [2] contending this makes the initial carrier liable for damage in transit of this fractional mile, and the Cummins Amendment [3] declaring the carrier to be liable for the "full actual loss," if caused by it, thereby establishing the common-law rule as the measure of damages. It being undisputed that the law provides that the shipper shall be compensated for the "full actual loss," the only question for decision is: What is the full actual loss?

The aegis of defendant is that these potatoes were purchased by plaintiff under the Price Support Program which automatically removed them from the commercial market as indicated by the Agricultural Adjustment Act.[4] It is conceded by defendant that the Secretary of Agriculture could sell commodities on the commercial market under 63. Stat. 1051, 7 U.S.C.A. § 1421 et seq., and notes, if such sales would not affect processors and dealers from acquiring and carrying normal inventories of the commodity of the current crop.

The value of the potatoes as between plaintiff and its consignee was established as $.25 per hundredweight. This is undisputed. It is also undisputed that the market value of potatoes of comparable quality as those destroyed was $1.50 per hundredweight.

■ The general rule appears to be that where the undisputed facts show that either of two measures of damages will fully compensate claimant for his loss, that measure should be adopted which is less expensive to the carrier liable for the loss. The thought controlling is to place the shipper who has sustained the loss in the same situation in respect to the contract of shipment as performance of the contract would have placed him. Indemnification by the wrongdoer to the extent of the wrong done is the principle of damages involved here.[5]

■ Plaintiff, under the controlling contract of the instant case, should receive full actual compensation for the loss it has sustained, and no more. Receiving this, justice will be served and no unjust enrichment will thereby be permitted. The Court is of the opinion that plaintiff is limited to said contract price of the potatoes, which is the amount it would have received for the freight if it had been delivered to the consignee.

There was no diversion of the freight after shipment in interstate commerce commenced, and none contemplated. The

1. Public Law 897, 80th Congress, 62 Stat. 1247, 1248, 7 U.S.C.A. § 1282 note.

2. 49 U.S.C.A. § 20(11), 34 Stat. 593.

3. 38 Stat. 1196, 49 U.S.C.A. § 20(11).

4. 7 U.S.C.A. §§ 601 et seq., 602, 608(1), 608(3)(a).

5. Chicago, M. & St. P. Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 100, 40 S. Ct. 504, 64 L.Ed. 801; Illinois Central R. Co. v. Crail, 281 U.S. 57, 50 S.Ct. 180, 74 L.Ed. 699; Leominster Fuel Co. v. N. Y., N. H. & H. R. Co., 258 Mass. 149, 154 N.E. 831, 50 A.L.R. 1464.

contract price, that is, $112.50, is the measure of damages here applicable.[6]

Defendant may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiff may have an exception.

6. 25 C.J.S., Damages, § 74; 5 Dunnell Minnesota Digest, Third Edition, sec. 2561.