**UNITED STATES**

v.

**NEW YORK, N. H. & H. R. CO.**

No. 189, Docket 22962.

United States Court of Appeals, Second Circuit.

Argued March 11, 1954.

Decided March 24, 1954.

Geo. Stephen Leonard, Atty., Dept. of Justice, New York City (Warren E. Burger, Asst. Atty. Gen., and Simon S. Cohen, U. S. Atty., Hartford, Conn., on the brief), for plaintiff-appellee.

Thomas J. O'Sullivan, New Haven, Conn., for defendant-appellant.

Before CLARK, MEDINA, and HARLAN, Circuit Judges.

PER CURIAM.

 In giving judgment against the defendant carrier for potatoes damaged in shipment from Virginia to Connecticut, Judge Hincks fixed damages based on the market value at destination, citing Weirton Steel Co. v. Isbrandtsen-Moller Co., 2 Cir., 126 F.2d 593. Defendant contends that it is liable for only nominal damages, since the potatoes, purchased as part of the government's program of price support, were being sent as a gift to the Connecticut State Hospital at Middletown, Connecticut. But the rule applied is the usual one under the Cummins Amendment, 49 U.S.C. § 20(11), and is not to be varied by special agreement of the parties or, we agree, by special circumstance of one of the parties. Chicago, M. & St. P. R. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801, and see Illinois Central R. Co. v. Crail, 281 U.S. 57, 65, 66, 50 S.Ct. 180, 74 L.Ed. 699, 67 A.L.R. 1423. The case of United States v. Northern Pac. Ry. Co., D.C.Minn., 116 F.Supp. 277, and a similar unreported case from the District of Idaho are distinguishable because they allowed damages for such potatoes at an agreed (though very much reduced) price set to prospective purchasers; but it is doubtful if these decisions accord with Chicago, M. & St. P. R. Co. v. McCaull-Dinsmore Co., supra. As Judge Hincks succinctly said: "The carrier's part in the national program was to carry—not destroy." So it should not receive the benefit of the intended donation—in the stead of the State Hospital.

Judgment affirmed.