**UNITED STATES of America,**
**Plaintiff,**

**v.**

**FORT WORTH & DENVER RAILWAY**
**COMPANY, Defendant.**

**Civ. No. 3208.**

United States District Court
N. D. Texas, Fort Worth Division.

June 2, 1956.

Heard L. Floore, U. S. Atty., N. D. Texas, and Clayton Bray, Asst. U. S. Atty., N. D. Texas, Fort Worth, Tex., for plaintiff.

Barwise, Magoffin & Carrigan, by Thomas D. Magoffin, Fort Worth, Tex., for defendant.

ESTES, District Judge.

This is an action on behalf of Commodity Credit Corporation, an agency and instrumentality of the United States of America over which this court has jurisdiction under the provisions of Section 4(c) of the Commodity Credit Corporation Charter Act, 15 U.S.C.A. § 714b(c), for the sum of $1,101.31 being the fair market value at the point of destination of certain shortages (losses) in cottonseed products.

### Findings of Fact

(1) Plaintiff made numerous shipments of cottonseed products to various destinations in the western areas of the state.

(2) The defendant was the carrier at points of destination.

(3) Plaintiff claims certain shortages which defendant admits, as detailed in the pre-trial order entered in this cause on May 16, 1956.

(4) The parties agree that the fair market value at the points of destination aggregates the sum of $1,101.31; and that the sales price for livestock feed under the Emergency Drought Program aggregates the sum of $597.82.

### Conclusions of Law

The court concludes that the measure of damages in this case is the fair market value of the cottonseed products at the points of destination, and not the sales price for livestock feed under the Emergency Drought Program. United States v. New York, N. H. & H. R. Co., 2 Cir., 1954, 211 F.2d 404. Cf. Chicago, M. & St. P. Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801.

The tariff under 49 U.S.C.A. § 22 has no relationship to the measure of damages; the measure of damages is determined by 49 U.S.C.A. § 20(11).

Plaintiff is entitled to interest from the dates the various deliveries should have been made. Gardner v. Mid-Continent Grain Co., 8 Cir., 168 F.2d 819, 824; New York, Lake Erie & Western R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292; Mobile & Montgomery Railway v. Jurey, 111 U.S. 584, 4 S.Ct. 566, 28 L.Ed. 527; Lehigh Valley R. Co. v. State of Russia, 2 Cir., 21 F.2d 396, certiorari denied 275 U.S. 571, 48 S.Ct. 159, 72 L.Ed. 432.

### Judgment

It is, therefore, ordered, adjudged and decreed that the plaintiff, United States of America, do have and recover of and from the defendant, Fort Worth & Denver Railway Company, the sum of $520.-77, (reflecting credit for $580.54 heretofore paid by defendant, as detailed in the pre-trial order entered in this cause on May 16, 1956), with interest in the sum of $84.34, computed from the various dates deliveries were made or should have been made; together with interest thereon from this date at the rate of six per cent per annum until paid, and all costs of suit, for all of which it may have its execution.