Wilmer J. Patlow, J.
Plaintiff sued defendant in a negligence action for the sum of $2,500. Prior to service of the note of issue, defendant submitted a formal offer of compromise in the amount of $553, pursuant to CPLR 3221. This offer was rejected by plaintiff, and after trial by jury, a verdict was returned in plaintiff’s favor for the sum of $350.
Defendant submitted a bill of costs in the amount of $180, consisting of $130 labeled as statutory costs based upon the $2,500 demanded in the plaintiff’s complaint, plus $50 in disbursements.
Plaintiff now moves to review the taxation of these costs.
Plaintiff argues that CPLR 3221 entitled “ Offer to compromise ’ ’ does not apply to actions brought in City Court; and that if such offers are to be allowed in this court, the City Court Act should be amended for that purpose. Plaintiff further argues that even if defendant is entitled to costs, the amount claimed is improperly ascertained, and that defendant’s costs, if any, are limited to a maximum of $10, pursuant to subdivision (i) of section 1903 of the Uniform City Court Act.
*836 Finally, plaintiff contends that defendant is not entitled to disbursements, inasmuch as the offer to compromise provision of the CPLB addresses itself solely to costs.
Defendant contends that the offer to compromise is a valid tool in City Court actions, and that section 2102 of the Uniform City Court Act enables defendant to utilize this device. Defendant further argues that he is entitled to costs based upon plaintiff’s demand, as well as disbursements, because any verdict less favorable than the offer to compromise is tantamount to a finding in defendant’s favor (i.e., no cause for action) for purposes of computing the bill of costs.
The question of whether or not CPLB 3221 is applicable to a City Court action is clearly answered in the affirmative by the revision commentator. In discussing section 802 of the New York Civil City Court Act, which specifically makes applicable to that court the provisions of CPLB 3221, the commentator states that even without this specific section, the rule would be applicable in the Civil Court because of section 2102 of the Uniform City Court Act and CPLB 101. (See Commentary on Bevision by David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary — Court Acts, Part 3, § 802, p. 136.)
Having found that the offer to compromise may properly be utilized in a City Court action, the question remains as to what effect a judgment, less favorable than the offer, has on the ultimate bill of costs.
The significant section of CPLB 3221 entitled “ Offer to compromise ’ ’ reads as follows: “ If the offer is not accepted and the claimant fails to obtain a more favorable judgment, he shall not recover costs from the time of the offer, but shall pay costs from that time. ’ ’
Clearly, the primary intent of the section is to stop claimant from recovering costs, as well as to protect defendant from additional expense, where the rejected offer is greater than the verdict. (See, Metz v. G. J. S. Realty Corp., 17 Misc 2d 521; Smith v. New York, Ontario & Western R. R. Co., 119 Misc. 506.)
What defendant is attempting to do here goes far beyond this intent.
Not only has plaintiff been deprived of his costs, but he has had substantial costs and disbursements assessed against him because of defendant’s determination to treat the less favorable verdict as equivalent to a finding of no cause for action.
By this determination, defendant has not only turned a protective shield into an offensive weapon, but he has also attempted to pervert the verdict of a jury by substituting a difference- of *837 degree for a difference in kind. A verdict for plaintiff, regardless of amount, represents a finding by the jury in plaintiff’s favor; a no cause for action would require an entirely different finding.
Here the jury found in favor of pláintiff. The court finds no legal or equitable basis which would allow defendant to obviate that finding.
Furthermore, the right to costs is purely statutory. (See Goishen v. Samor Realty Co., 167 Misc. 477.)
This court finds nothing in CPLR 3221 or in article 19 of the UCCA entitled “ Costs and fees ” which gives defendant authority to claim costs in the manner proposed. However, since CPLR 3221 does state that plaintiff shall pay costs in a situation such as this, we must look to article 19' of the UCCA to determine the proper amount. Subdivision (i) of section 1903 reads as follows: ‘ ‘ Where no provision for costs is otherwise made, the court, in its discretion, may award to a party a sum not exceeding ten dollars.”
The court finds this section applicable and awards defendant costs in the sum of $10 accordingly. Because no mention is made of disbursements in CPLR 3221, the court cannot allow defendant to include these in his bill of costs.