549 P.2d 784 (1976)
Louie SUTHERLAND, doing business as Louie's Little Forge, Plaintiff-Appellant,
v.
RINGSBY TRUCK LINES, INC., also known as Ringsby United, Defendant-Appellee.
No. 75-168.
Colorado Court of Appeals, Div. III.
February 13, 1976.
Rehearing Denied March 11, 1976.
Certiorari Denied May 10, 1976.
*785 Tracy, Thorvilson & Osgood, Julius A. Tracy, Jr., Boulder, for plaintiff-appellant.
Jones, Meiklejohn, Kehl & Lyons, Thomas J. Burke, Jr., Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiff, Louie Sutherland, sought recovery of damages from Ringsby Truck Lines, Inc., (Ringsby) a common carrier by motor vehicle, for loss of an interstate shipment of goods. Trial was to the court, which entered judgment for Sutherland for $15. Plaintiff appeals, alleging that the trial court erred in the measure of damages allowed for his loss. We modify the judgment as to damages and, as modified, affirm.
The facts are undisputed. Sutherland sent an agent from Colorado to an auction in Utah where he was the successful bidder on 161 new Worthington pump drive chucks for a total price of fifteen dollars. The chucks were purchased for resale and for replacement in pumps being repaired by plaintiff, and were delivered to Ringsby in Utah for shipment to Sutherland's place of business in Denver. The shipping order shows assessment of shipping cost by weight of load, 800 pounds, and identifies the goods as "1 Box Machinery Parts No. 1." The chucks were never delivered to plaintiff in Colorado and are admitted to have been lost by the carrier. The list price for the goods at the place of destination was $25,198.11.
Both parties agree that the measure of damages is governed by 49 U.S.C. § 20(11), the Cummins amendment to the Interstate Commerce Act, which statute provides in pertinent part that the carrier "shall be liable to . . . any party entitled to recover. . . for the full actual loss . . . caused by [the carrier]." Ringsby admits that it is liable to plaintiff, but asserts that the "full actual loss" suffered was the $15 cost of the goods. Sutherland, on the other hand, asserts that his loss is measured by the market value of the goods at the point of destination.
Under the Cummins amendment a carrier's liability for loss of property is the same as at common law, Leominster Fuel Co. v. New York, New Haven, & Hartford R.R., 258 Mass. 149, 154 N.E. 831, 50 A.L.R. 1464, i.e., the value of the property at the time and place it should have been delivered. Grand Tower Mining, Manufacturing & Transportation Co. v. Phillips, 23 Wall. 471, 90 U.S. 471, 23 L.Ed. 71.
The rule of the common law is not an arbitrary fiat, but an embodiment of the plain fact that the actual loss caused by breach of a contract is the loss of what the contractee would have had if the contract had been performed, less the proper deductions . . . .
Chicago, Milwaukee & St. Paul Ry. Co. v. McCaull-Dinsmore Co., 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801.
Here, if the contract had been performed, Sutherland would have had 161 *786 Worthington drive chucks available to him at his place of business in Denver. The fact that Sutherland made a good bargain in Utah is not determinative of the amount of the recovery for loss of shipment, Cleveland C., C. & St. L. Ry. v. Schaefer, 47 Ind.App. 371, 90 N.E. 502, since the damages are to be computed at the time and place of the scheduled delivery, and not at the point of shipment. Leominster Fuel Co., supra. Illustrative of this rule is Chicago, Milwaukee & St. Paul Ry. Co. v. McCaull-Dinsmore Co., supra. There, a bill of lading provision stated that the value at place and time of shipment would control in event of loss, but the court ruled that such provision could not be applied to circumvent the Cummins amendment where, as here, that value would not compensate for the full actual loss.
Plaintiff established that he could have purchased 161 chucks in Denver on the due date of the delivery for ten percent under the list price (which was stipulated by the parties to be $25,198.11) or a total of $22,678.30. This represented the actual replacement cost and the market value of the lost items, and, without more, would constitute the applicable measure of damages here. Illinois Central R. R. v. Crail, 281 U.S. 57, 50 S.Ct. 180, 74 L.Ed. 699. However plaintiff, by his own evidence, established that, after deducting his estimated merchandising costs for resale, his "actual loss" would not exceed $20,158.49, the amount prayed for in his complaint. Plaintiff is entitled only to "compensation for the injury suffered." Crail, supra; Leominster Fuel Co., supra. Therefore plaintiff's recovery will be limited to the amount proved.
Although Sutherland originally claimed attorney's fees, there is no authorization for such recovery. The section of the Interstate Commerce Act allowing a shipper attorney's fees, 49 U.S.C. § 16(2), applies only to suits seeking to enforce orders of the Interstate Commerce Commission and does not authorize the allowance of such fees in an action for loss or damage to property in shipment. Missouri Pac. Ry. v. Harper Bros., 121 C.C.A. 570, 201 F. 671.
The judgment is modified and the cause remanded with directions to enter judgment for Sutherland in the amount of $20,158.49 together with interest thereon from the date this judgment is final.
VanCISE and STERNBERG, JJ., concur.