[No. 12033.   Department One. — May 31, 1890.]

## D. WILLIAM DOUTHITT, Respondent, v. JOHN S. FINCH, Appellant.

COSTS — OFFER OF JUDGMENT — CONSTRUCTION OF CODE. — Section 997 of the Code of Civil Procedure, providing that in case of an offer of judgment by the defendant "if the plaintiff fail to obtain a more favorable judgment he cannot recover costs, but must pay the defendant's costs from the time of the offer," is to be construed as applying only to costs accruing after the time of the offer.

ID. — COSTS ACCRUING BEFORE OFFER. — The plaintiff may recover costs accruing in his favor before an offer of judgment by the defendant, though he may recover a less favorable judgment than was offered.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Tyler & Tyler*, for Appellant.

*D. William Douthitt*, for Respondent, *in pro. per.*

VANCLIEF, C. — This appeal presents only a question of costs.

Before the trial, and after plaintiff had incurred and paid twenty-six dollars costs, the defendant regularly served upon the plaintiff an offer in writing to allow judgment to be taken for five hundred dollars, which was not accepted. Upon the trial the plaintiff recovered only four hundred dollars. The court allowed the plaintiff's cost-bill for the twenty-six dollars, incurred before the offer of defendant to allow judgment for five hundred dollars, but charged plaintiff with costs *after* that offer. The appellant contends that no costs incurred before the offer should have been allowed.

The solution of the question depends upon the meaning of the following language: "And if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer." (Code Civ. Proc., sec. 997.)

Precisely this language in section 385 of the New York code has been construed by the courts of that state as it was construed by the trial court in this case (*Burnett* v. *Westfall,* 15 How. Pr. 432; *Magnin* v. *Dinsmore,* 15 Abb. Pr., N. S., 331); and I think this construction accords with the general understanding of the profession, and with the practice in the superior courts, and therefore that the judgment and order appealed from should be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.