[S. F. No. 6376.   Department Two.—May 26, 1914.]

## THOMAS ROBINETT, Appellant, v. WILLIAM BROWN, Respondent.

MECHANIC'S LIEN—JURISDICTION OF ACTION OF FORECLOSURE—LOSS OF LIEN—DEMAND LESS THAN THREE HUNDRED DOLLARS.—The action to enforce a mechanic's lien is equitable and jurisdiction to foreclose the lien does not depend upon the amount of money secured by the lien; nor when that amount is less than three hundred dollars does the court lose jurisdiction by reason of any fatal defect which destroys the lien and prevents its foreclosure. It becomes the duty and the right of the court to retain the action and render a personal judgment in a proper amount even if that amount is less than three hundred dollars.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

Curtis Hillyer, and Rufus H. Kimball, for Respondent.

HENSHAW, J.—This action was commenced to foreclose a mechanic's lien in the sum of $97.50 on property belonging to the defendant.   The lien claim and the complaint both charged upon an oral contract to pay the reasonable market value of the work done and materials furnished and alleged that this reasonable value was the sum of $97.50.   The answer asserted a specific agreement on the part of the plaintiff to furnish the material and do the work in question for the sum of sixty dollars and pleaded an offer in writing to allow judgment to be taken in that sum (Code Civ. Proc., sec. 997).

The court found the reasonable value of the labor and material to be $97.50, but further found that the work was done and the material furnished under the contract pleaded by the answer.   It also and necessarily found that the claim of lien did not contain a true statement of the terms and conditions

of the contract for which reason the right to a lien was lost. (*Wilson* v. *Nugent,* 125 Cal. 280, [57 Pac. 1008]; *Buell & Co.* v. *Brown,* 131 Cal. 158, [63 Pac. 167]). It found in favor of the defendant upon the allegation of his written offer to permit judgment to be taken for the sum of sixty dollars, and finally found that plaintiff was entitled to a judgment for that amount only. The court concluded, however, that because the lien was lost the action became a simple action at law to recover a sum of money less than three hundred dollars, that it had no jurisdiction over such action and refused to render any other judgment than that declaring its lack of jurisdiction. In this the court erred. The action to enforce a mechanic's lien is equitable and jurisdiction to foreclose the lien does not depend upon the amount of money secured by the lien; nor when that amount is less than three hundred dollars does the court lose jurisdiction by reason of any fatal defect which destroys the lien and prevents its foreclosure. It becomes the duty and the right of the court to retain the action and render a personal judgment in a proper amount even if that amount be less than three hundred dollars (*Mannix* v. *Tryon,* 152 Cal. 35, [91 Pac. 983]; *Becker* v. *Superior Court,* 151 Cal. 313, [90 Pac. 689]).

It follows herefrom that the court should have given judgment for plaintiff in the amount to which he was justly entitled. That amount as fixed by the findings of the court was sixty dollars, but as defendant had made proper tender of this amount under section 997 of the Code of Civil Procedure plaintiff in recovering this judgment was not entitled to his costs of action.

It further necessarily follows that the judgment of the trial court should be and is hereby reversed with directions to the court to enter upon the findings actually made, judgment in favor of plaintiff without costs. Appellant, however, will, as matter of course, be entitled to costs upon this appeal.

Melvin, J., and Lorigan, J., concurred.