[Civ. No. 44715. First Dist., Div. One. May 29, 1980.]

FRANCES D. SHAIN, Plaintiff and Appellant, v.
CITY OF ALBANY, Defendant and Respondent.

Counsel

Barbagelata, Carmazzi, Arnold & Del Bino and Robert D. Barbagelata for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, E. Melville McKinney, Peter W. Davis and Clinton A. Johnson for Defendant and Respondent.

Opinion

NEWSOM, J.—The present appeal is from an order striking plaintiff's cost bill and awarding costs to defendant and respondent.

The underlying action was one in tort, tried before a jury. Prior to the commencement of trial, respondent filed an offer of compromise in the amount of $100,000 with each party "to bear its own costs." Plaintiff (hereinafter appellant), rejected the offer, proceeded to trial and obtained a verdict in the amount of $100,000.

Thereafter, appellant submitted a cost bill in the amount of $2,807.49, and respondent filed motions to strike the cost bill and to award costs and fees to it on the ground that appellant was not entitled to costs under Code of Civil Procedure section 998, because she had failed to obtain a judgment "more favorable" than the compromise offer. These motions were accompanied by respondent's memorandum of costs in the amount of $6,467.99.

Appellant's attorney next filed a declaration alleging that up to the time of the compromise offer, appellant had incurred costs of $3,278.80, including $1,204.71 allowed by law and recoverable in the event of a favorable verdict.

After hearing, the court on March 29, 1978, granted respondent's motion, and awarded it costs and fees in the sum of $6,432.91, entering its order on April 17, 1978.[1]

---

[1]Appellant's appeal is in part from the court's "award" of March 29, 1978. We liberally construe it to be from the *order* subsequently entered thereon April 17, 1978. (Cal. Rules of Court, rule 1(a); cf. Code Civ. Proc., § 904.1.)

The appeal presents the single question of the propriety of the trial court's orders striking appellant's cost bill and awarding respondent its costs. We have concluded that, in doing so, the court erred, and that, for the reasons we now proceed to give, the order must be reversed and the cause remanded.

Code of Civil Procedure section 1032 provides in relevant part that a plaintiff is entitled to costs "upon a judgment in his favor." Section 998, subdivision (c) of the same code provides, however, that "If an offer made by a defendant is not accepted and the plaintiff *fails to obtain a more favorable judgment*, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer...." (Italics added.)

Appellant's argument is that because the offer to compromise for $100,000 did not include any amount for costs incurred to the time of the offer, her $100,000 judgment *plus* costs after trial constitutes a "more favorable judgment" within the meaning of section 998 of the Code of Civil Procedure.

■ This argument imports a corollary question: Under what circumstances is a plaintiff who rejects an offer of settlement, then fails to obtain a more favorable judgment, nevertheless entitled to *"preoffer"* costs?

The question was considered recently in *Brown* v. *Nolan* (1979) 98 Cal.App.3d 445 [159 Cal.Rptr. 469], where plaintiff refused a $12,500 compromise offer, inclusive of costs, then received a $3,000 verdict and judgment at trial. An issue on appeal was whether Code of Civil Procedure section 998, subdivision (c), barred recovery of "preoffer" costs because plaintiff had "failed to obtain a more favorable judgment." The court found no such bar, reasoning as follows: "Plaintiff claims she may properly recover her preoffer costs. We agree. Defendant reads the statute as saying that plaintiff 'shall not recover his costs [before or after the offer] and shall pay the defendant's costs from the time of the offer;' whereas plaintiff reads it as stating that the plaintiff 'shall not recover his costs [from the time of the offer] and shall pay the defendant's costs from the time of the offer.' Plaintiff relies on two decisions which construed almost identical language in former section 997, and which we find persuasive.

"Section 997 provided that '...if the plaintiff fail to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer.' In *Douthitt v. Finch* (1890) 84 Cal. 214..., the Supreme Court affirmed the trial court's award to plaintiff of preoffer costs, stating that 'this construction accords with the general understanding of the profession, and with the practice in the superior courts....' (*Id.*, at p. 215.) The same language was given the same interpretation in *Bennett v. Brown* (1963) 212 Cal.App.2d 685..., wherein the court stated that this construction was in conformity with the legislative intent 'to give a defendant the right to offer to allow judgment to be taken against him for a specified amount and to provide that if the plaintiff did not accept said offer he could not recover any costs incurred after the date of the offer if he failed "to obtain a more favorable judgment."' (*Id.*, at p. 688.)[5] [¶] [5]Defendant cites no authority to the contrary except this statement in *Pomeroy v. Zion* (1971) 19 Cal.App.3d 473...: 'The trial judge was obligated to deny plaintiff's costs, because section 998 says he *cannot* recover costs unless the judgment be more favorable than the offer.' (*Id.*, at p. 476, original italics.) The precise issue under consideration in the case at bench was not before the court in *Pomeroy*; and, in any event, the court there was construing section 998 as enacted in 1969. (Stats. 1969, ch. 570, § 1, p. 1200.) The statute has since been repealed and reenacted in its present, and substantially different, form. (Stats. 1971, ch. 1679, § 3, p. 3605, amended by Stats. 1977, ch. 458, § 1, p. 1513.)" (*Brown v. Nolan, supra,* 98 Cal.App.3d at pp. 451-452.)

Respondent argues that *Douthitt v. Finch* (1890) 84 Cal. 214 [24 P. 929], and *Bennett v. Brown* (1963) 212 Cal.App.2d 685 [28 Cal. Rptr. 485], are not controlling, as they interpret former Code of Civil Procedure section 997, and not the present Code of Civil Procedure section 998, subdivision (c).[2] But the court in *Brown v. Nolan, supra,* 98 Cal.App.3d 445 considered the relationship of the two sections, concluding that the provisions of section 998, subdivision (c) were to be interpreted the same as the "almost identical language in former section 997." (*Id.*, at p. 452.)

■ The conclusion that a plaintiff who fails to obtain a more favorable judgment can still collect preoffer costs under section 998,

[2]Former Code of Civil Procedure section 997 read in relevant part: "The defendant may...offer to allow judgment...for the sum...specified....and if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs, but must pay the defendant's costs from the time of the offer.'

subdivision (c), rests upon logical ground, for the purpose of the section is to encourage settlement of litigation, and to penalize a plaintiff who fails to accept what, in retrospect, is seen to have been a reasonable offer. (*Brown* v. *Nolan, supra,* 98 Cal.App.3d at p. 449; cf. *Distefano* v. *Hall* (1968) 263 Cal.App.2d 380, 385 [69 Cal.Rptr. 691], re former § 997.) It does not follow, however, that the Legislature meant to punish the nonsettling plaintiff by denying him *all* costs (*Brown* v. *Nolan, supra,* at pp. 451-452), including preoffer costs.

An analogue to this principle is found in the situation where a jury verdict proves to be *less* than the offer of settlement plus costs to the date of the offer, as in *Bennett* v. *Brown, supra,* 212 Cal.App.2d at pages 688-689. There the verdict was for $500, which, when added to plaintiff's costs of $99.45 incurred prior to the $600 offer, was held not to have established that "a more favorable judgment" had been obtained. By implication, however, the *Bennett* formula establishes that if the verdict plus plaintiff's *preoffer* costs had exceeded the offer, "a more favorable judgment" would have been obtained, permitting plaintiff to recover all costs.[3]

■ Adopting the principle laid down in *Bennett* v. *Brown, supra,* 212 Cal.App.2d 685,[4] we find that the amount of the verdict ($100,000) and appellant's recoverable costs to the time of the offer ($1,204.71) exceeded the settlement offer ($100,000), and that appellant hence received "a more favorable judgment" within the meaning of Code of Civil Procedure section 998. Appellant was thus entitled to costs and the trial court erred in striking her cost bill and in awarding costs to respondent.

In reaching this conclusion we have considered, and rejected, respondent's arguments that the Legislature in enacting Code of Civil Procedure section 998 intended to "toughen up" the law respecting recovery of costs by recalcitrant plaintiffs. It is reasonable to suppose that in enacting the statute the Legislature knew that a plaintiff can hardly

---

[3]We find nothing in the case of *Robinett* v. *Brown* (1914) 167 Cal. 735 [141 P. 368], cited by respondent, helpful to its position. That decision merely recited in dicta that inasmuch as the judgment ($60) was the same as the offer ($60)—without reference to preoffer costs, plaintiff was not entitled to his costs of the action. (Cf. 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 676-678, pp. 4589-4592.)

[4]As already stated, we adopt the conclusion of the court in *Brown* v. *Nolan, supra,* 98 Cal.App.3d 445, that sections 998, subdivision (c), and 997 are to be interpreted in the same manner.

avoid incurring preoffer costs. Indeed, the *inevitability* of incurring such costs is one reason why a plaintiff ought to be allowed to recover them even if he should obtain a less favorable result by verdict than had been available to him by settlement. To permit a plaintiff to reject with impunity an offer which he reasonably views as inadequate to cover damages and costs to date seems entirely consonant with a legislative intent to promote settlement—particularly where, in retrospect, his judgment is vindicated by the jury's verdict.

There is, to be sure, as respondent argues, a conceptual difference between "judgments" and "costs" in other contexts. ■ "Costs," for example, are not part of a judgment for purposes of computing the amount of an appeals bond under Code of Civil Procedure section 917.1 in an amount double that of the named judgment. (Cf. *Whitaker* v. *Title Ins. etc. Co.* (1918) 179 Cal. 111, 113-115 [175 P. 460]; *Dennis* v. *Overholtzer* (1961) 191 Cal.App.2d 791, 797 [13 Cal.Rptr. 110]; *Ferrara* v. *Jordan* (1955) 134 Cal.App.2d Supp. 917, 918 [286 P.2d 589, 54 A.L.R.2d 925].)

In the present context, however, the conception has been otherwise, and it is for the Legislature if it so desires to resolve any claimed inconsistencies.

The order awarding respondent its costs is reversed. The order denying plaintiff's motion to tax costs is reversed and the matter remanded for computation and award thereof.

Racanelli, P. J., and Grodin, J., concurred.