*Supp. 9 Opinion
COUZENS, P. J.
In this appeal we examine that relatively rare circumstance where a jury verdict is returned in an amount that falls between offers to compromise made by plaintiff and defendants under Code of Civil Procedure section 998.[1]
Factual Background
Plaintiff filed an action to recover damages for personal injury arising out of an auto accident on December 11, 1982. Defendants filed an offer to compromise the case pursuant to section 998 for $2,755. Plaintiff filed a similar offer for $6,999. Neither offer was accepted. In the ensuing jury trial, a verdict of $2,400 was returned in favor of plaintiff. The trial court awarded costs to plaintiff in the sum of $2,667.81. Defendants appeal from that portion of the judgment which awarded costs. We will affirm the judgment, with a modification of costs awarded.
Discussion
Defendants contend (1) that plaintiff was not the “prevailing party” under section 1031; (2) that the trial court improperly added certain preoffer costs to the jury verdict to provide plaintiff “a more favorable judgment” than defendants’ section 998 offer; (3) that neither party “prevailed” and, therefore, the costs should be equitably apportioned between the parties; and (4) that certain specific costs were improperly allowed. We reject all but a portion of the last contention.
I
The awarding of costs in municipal or justice court actions is controlled initially by section 1031. That section provides that “[t]he prevailing party . . . is entitled to his costs and necessary disbursements.” Defendants argue that since the jury’s verdict of $2,400 was less than defendants’ section 998 offer of $2,755, plaintiff cannot be considered the “prevailing party.” Defendants are wrong. The “prevailing party” is simply that party in whose favor the judgment is entered. (See Hyatt v. Sierra Boat Co. (1978) 79 Cal.App.3d 325, 350 [145 Cal.Rptr. 47]; Ferraro v. Southern Cal. Gas Co. (1980) 102 Cal.App.3d 33, 52 [162 Cal.Rptr. 238]; Strickland v. Becks (1979) 95 Cal.App.3d Supp. 18 [157 Cal.Rptr. 656]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 84, p. 3245.) Plaintiff in the present action claimed monetary damages; defendants denied them; the jury agreed *Supp. 10 with plaintiff. Plaintiff clearly “prevailed” in the action. The concept of “prevailing party” bears no relationship to the “more favorable judgment” language contained in section 998. As we shall discuss below, section 998 supplements section 1031, but does not define its terms. Costs, therefore, were allowable to plaintiff under section 1031, subject to adjustment pursuant to the provisions of section 998.
II
Section 998[2] provides initially that “costs allowed under Sections 1031 and 1032 shall be withheld or augmented” as provided in that section. Since each party is permitted to submit offers to take judgment “in accordance with the terms and conditions stated at that time,” it is appropriate to review the terms of the offers made by each party in light of the jury’s verdict. Such an analysis will determine whether plaintiff’s section 1031 costs should be “withheld or augmented.”
Plaintiff offered to take judgment against defendants for the sum of $6,999, each party to bear its own costs and fees. “If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment,” the court can compel the defendant to pay certain expert witness costs. (§ 998, subd. (d).) Since the jury’s verdict was less than $6,999, the defendants did obtain a more favorable judgment. Accordingly, section 998, subdivision (d) will not modify the award of costs specified by section 1031.
Defendants offered to take judgment against them for “$2,755.00, which sum includes taxable costs incurred to date of judgment.” (Italics added.) “If an offer made by a defendant is not accepted and the plaintiff fails to *Supp. 11 obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant’s costs from the time of the offer.” (§ 998, subd. (c).) Since defendants’ offer includes consideration of taxable costs, we look not only to the amount of the jury award of damages but also to those costs which otherwise would be allowable to plaintiff under section 1031, as of the date of the offer. (Shain v. City of Albany (1980) 106 Cal.App.3d 294, 299 [165 Cal.Rptr. 69]; Bennett v. Brown (1963) 212 Cal.App.2d 685, 688-689 [28 Cal.Rptr. 485].)
Defendants’ offer was made April 13, 1984. As of that date plaintiff had accrued the following costs: filing fee, $42; service fees, $19.05; and deposition fees, $329.[3] The total costs of $390.05, when added to the jury’s verdict of $2,400, exceeds defendants’ section 998 offer by $35.05. Since plaintiff did obtain a more favorable judgment than the offer, the provisions of section 998, subdivision (c) will not modify the award of costs specified by section 1031.
When, as in the present case, both parties obtain judgments more favorable than their opponents’ section 998 offers, there is neither an augmentation or reduction of the costs normally allowed by sections 1031 and 1032. Rather, the allowance of costs is limited solely to the provisions of those sections. Defendants’ suggestion that the court equitably apportion the costs between the parties is contrary to the well established principle that the allowance of costs is strictly a matter of statute and is to be limited by such authority. (Williams v. Atchison etc. Ry. Co. (1909) 156 Cal. 140, 141 [103 P. 885]; Duncan v. Torney (1932) 125 Cal.App. 207, 209 [13 P.2d 765].) Since plaintiff “prevailed” under section 1031 and “obtained a more favorable judgment” than defendants’ section 998 offer, it is clearly inappropriate to require plaintiff to pay any of defendants’ costs or to reduce any of the costs normally allowable to plaintiff under section 1031.
III
Finally, defendants challenge the trial court’s decision to award specified costs for witnesses Nativo and Stresser as either excessive or entirely inappropriate.
A. Witness Nativo. Plaintiff claims $675 paid as a witness fee to Nativo for his attendance at a deposition. Plaintiff argues that Nativo, a *Supp. 12 physical therapist, was listed as a defense expert and that the fee was reasonably necessary in order to take his deposition. While the entire fee was necessary as a practical matter in order to take the deposition, nevertheless it is not an allowable cost to the extent it exceeds the ordinary statutory witness fee.
The allowance of costs of depositions is generally governed by section 1032.7: “Any person allowed costs under the provisions of this chapter shall, in addition to other costs, be entitled to the reasonable cost of taking and transcribing depositions. ...” Ordinarily the allowance of costs is a matter firmly within the court’s discretion and any award will not be reversed absent a showing of abuse of that discretion. (County of Kern v. Ginn (1983) 146 Cal.App.3d 1107, 1113 [194 Cal.Rptr. 512].) We find, however, that the matter of expert witness fees for attendance at a deposition is strictly limited by Government Code section 68092.5, subdivision (a): “A person who is not a party to the action and who is required to testify before any court... or in the taking of a deposition, in any civil action or proceeding, solely as to any expert opinion which he holds . . . shall receive reasonable compensation for his entire time required to travel to and from the . . . place of taking such deposition. . . . [S]uch fees shall be paid by the party requiring such witness to attend, but such fees shall not be allowable costs or disbursements. ”[4] (Italics added.)
Plaintiff’s reliance on section 2037.7[5] as authority for allowing such expenses as costs is misplaced. While that section clearly requires a party to pay a fee when taking the deposition of an opposing party’s expert witness, such a requirement is not consistent with Government Code, section 68092.5, subdivision (a). Unlike section 68092.5, subdivision (a), section 2037.7 contains no reference to the fee being taxable as a cost. Section 68092.5 being the more specific provision relating to allowance of expert *Supp. 13 witness fees as costs, that section controls. (Rose v. State of California (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505].) Accordingly, the trial court erred in allowing the $675 expert witness fee.
It is both appropriate and reasonable, however, to allow as a cost the ordinary statutory witness fee authorized by Government Code section 68093.[6] (See 1 Hogan, Modern Cal. Discovery (3d ed. 1981) Oral Depositions, § 2.37, p. 159.) Section 1986.5 provides that “[a]ny person who is subpoenaed and required to give a deposition shall be entitled to receive the same witness fees and mileage as if the subpoena required him to attend and testify before a court. ...” Ordinary witness fees and mileage are allowable as costs. (People v. McFarlane (1945) 71 Cal.App.2d 535 [162 P.2d 937]; People v. Bowman (1959) 173 Cal.App.2d 416 [343 P.2d 267].)
B. Witness Stresser. Stresser was a California Highway Patrol officer who investigated the accident. He was subpoenaed to trial by plaintiff. The trial court awarded $648.56 for costs incurred in connection with his appearance. Defendants argue that the fee should be limited to the statutory witness fee provided by Government Code section 68093. We disagree.
The party issuing a subpoena for a peace officer at a civil trial is required to reimburse the public entity employing the officer his salary and necessary travel expenses paid in connection with the court appearance. (Gov. Code, § 68097.2.) The amount paid is a taxable cost. (Gov. Code, § 68097.8.) Since we have determined that plaintiff prevailed, the entire cost of Stresser’s appearance was properly allowed.
C. Service of Process on Officer Stresser. Finally, defendants object to the claim of $30 for costs incurred by a registered process server to obtain service on Officer Stresser. Defendants contend that the fee should be limited to that allowed by Government Code, section 26721.[7] Section 1032.8, subdivision (b) provides, however, that registered process servers are entitled to recover reasonable expenses in effecting service, such expenses being recoverable as costs.[8] Defendants have failed to demonstrate any abuse of discretion by the trial court in awarding the costs of service.
*Supp. 14 The judgment is affirmed, except as to the award of costs regarding witness Nativo. The matter is remanded to the trial court to modify the judgment in accordance with this opinion.
Garbolino, J., and Yonehiro, J.,* concurred.

All statutory references are to the Code of Civil Procedure unless otherwise indicated.

The section provides, in part: “(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.
“(b) . . . [A]ny party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time.
“(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant’s costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant.
“(d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff’s costs.
“(g) The costs for services of expert witnesses for trial under subdivisions (c) and (d) shall not exceed those specified in Section 68092.5 of the Government Code.”

Plaintiff also claimed $108 in travel expenses incurred by plaintiff’s counsel in attending an out-of-town deposition. That item was denied by the trial court in ruling on defendants’ motion to tax costs and is not at issue in this appeal. We note in passing, however, that such expenses incurred by an attorney have been allowed as costs, within the court’s discretion. (Marollo v. Ford Motor Co. (1970) 7 Cal.App.3d 84, 97-98 [86 Cal.Rptr. 526]; Hoge v. Lava Cap Gold Min. Corp. (1942) 55 Cal.App.2d 176, 188 [130 P.2d 470].)

PIaintiff argues that section 68092.5 is inapplicable since Nativo was not “his” expert witness, but rather was listed as a defense expert. The distinction is without significance. Section 68092.5 applies to the witness’s status as an expert without regard to who called him to testify.

Section 2037.7, subdivision (a), provides: “Any other provision of law notwithstanding, in any case other than a workers’ compensation case governed by the provisions of subdivision (b), any party desiring to take the deposition of a person retained as an expert by another party to the case, solely for the purpose of obtaining any expert opinion which the deponent holds upon the basis of his or her special knowledge, skill, experience, training, or education, shall pay the expert a reasonable fee not exceeding his or her customary hourly or daily fee for the time reasonably and necessarily spent in connection with such deposition including time spent in travel to and from the deposition, but excluding time spent in preparation. A fee based upon the anticipated length of the deposition shall be tendered to the expert. In the event the examination and necessary cross-examination of the expert takes longer than originally anticipated, the balance of the fee due the expert shall be paid by the party who noticed the deposition within five days of receipt of an itemized statement from the expert.”

“Except as otherwise provided by law, witness’ fees for each day’s actual attendance, when legally required to attend a civil action or proceeding in the superior, municipal, and justice courts, are thirty-five dollars ($35) a day and mileage actually traveled, both ways, twenty cents ($0.20) a mile.” (Gov. Code, § 68093.)

“Except as provided in this article, the fee for serving or executing any process or notice required by law or the litigants to be served is fourteen dollars ($14).” (Gov. Code, §26721.)

Section 1032.8, subdivision (b) provides: “When any process is served by a registered process server . . ., the court in which the action is pending shall allow as recoverable costs such sums as are reasonably incurred in effecting service, including, but not limited to, a stakeout or other reasonable means employed in locating the person to be served.”

Assigned by the Chairperson of the Judicial Council.