[No. B050327. Second Dist., Div. Four. Oct. 28, 1991.]

ANN L. STALLMAN et al., Plaintiffs and Appellants, v.
ELISSA BELL, Defendant and Appellant;
PETAL PUSHER FLOWERS et al., Defendants and Respondents.

742

COUNSEL

Silver, McWilliams, Stolpman, Mandel, Katzman, Krissman & Elber, Donna Silver and Joel Krissman for Plaintiffs and Appellants.

Shield & Smith and Douglas Fee for Defendant and Appellant.

Spray, Gould & Bowers, Cynthia Goodman and Will Jay Pirkey for Defendants and Respondents.

OPINION

**WOODS (A. M.), P. J.**—This is an appeal from an order to tax costs, and a cross-appeal from an order awarding costs. These orders followed entry of judgment in a wrongful death and personal injury action brought by Ann L. Stallman and William Stallman as the administrator of the estate of Frank Stallman against Petal Pusher Flowers, Nelda Brennan and Elissa Bell. The main appeal is brought by the Stallmans and the cross-appeal is brought by Elissa Bell. We refer to the Stallmans as appellants and to the defendants below as respondents.[1]

This cause of action arises from an automobile accident in which Frank Stallman sustained fatal injuries. Appellants filed their complaint on November 13, 1985. An amended complaint was filed on December 26, 1985, for personal injury, property damage and wrongful death. Named as defendants in various capacities were Petal Pusher Flowers, Nelda Brennan, Elissa Bell, Walter and Lynn Bell and Pilar Aldapa, Jr.

On January 8, 1988, appellants made an offer to compromise the action pursuant to Code of Civil Procedure section 998 in the amount of $225,000 "each side to bear its own costs." The offer was not accepted.[2]

The matter was tried, resulting in a verdict in appellants' favor of $224,500. Appellants then submitted a cost bill. Among other costs, appellants sought $5,854.10 in expert witness fees and $43,391.09 in prejudgment

---

[1]Appellants' notice of appeal is from the entire judgment, but no other issue is addressed except the order granting respondents' motion to tax costs. Such order is appealable, as is the order awarding costs from which the cross-appeal is taken. (*Hilliger* v. *Golden* (1980) 107 Cal.App.3d 394, 395, fn. 1 [166 Cal.Rptr. 33]; Code Civ. Proc., § 904.1.)

[2]Respondents' Brennan and Petal Pusher Flowers offered to settle for policy limits of $25,000, but this was not a statutory offer, nor was it accepted by appellants.

interest pursuant to Code of Civil Procedure section 998, subdivision (d) and Civil Code section 3291.

Code of Civil Procedure section 998, subdivision (d) provides that if "an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses . . . in addition to plaintiff's costs." (Code Civ. Proc., § 998, subd. (d).)[3] Additionally, Civil Code section 3291 provides that when a defendant refuses a plaintiff's offer under Code of Civil Procedure section 998, "and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer . . . which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment." (Civ. Code, § 3291.)

Respondents filed motions to tax costs challenging appellants' entitlement to expert witness fees and prejudgment interest. Respondents claimed that the verdict did not exceed the statutory offer. Appellants' opposition to the motion contended that the ordinary costs due them as prevailing parties must be added to the verdict for the purposes of determining whether or not they had obtained a more favorable judgment entitling them to expert witness fees and prejudgment interest. Appellants claimed ordinary costs of at least $2,564.84 which, when added to the verdict, yielded a sum of $227,064.84, and exceeded their statutory offer.

Respondents replied that, because appellants' statutory offer had contained the provision that each side was to bear its own costs, appellants were foreclosed from adding costs to the verdict for the purpose of determining whether they had obtained a more favorable judgment. At the hearing on the motion, the trial court agreed with respondents, stating that because of the costs provision in the offer, "it is necessary to exclude costs from either side as a consideration in whether the verdict exceeded the offer, which it fell short by five hundred dollars."

Despite the fact that the trial court found that appellants had not shown they received a more favorable judgment and disallowed prejudgment interest, it nonetheless allowed appellants expert witness fees. Both parties appealed. After review, we reverse in part and affirm in part.

---

[3]The costs referred to in Code of Civil Procedure section 998 are set forth in Code of Civil Procedure sections 1031 and 1032. Under the latter section "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).)

I

Respondents first contend that appellants' statutory offer was void from its inception because it was made jointly by both the individual plaintiff and decedent's estate. Respondents rely on *Hurlbut* v. *Sonora Community Hospital* (1989) 207 Cal.App.3d 388 [254 Cal.Rptr. 840], which, in turn, relies on *Randles* v. *Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321].

Code of Civil Procedure section 998, subdivision (a) provides: "The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section." Subdivision (b) of that section provides: "Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time." (Code Civ. Proc., § 998, subd. (b).[4])

Under section 997, the predecessor statute to section 998, the court in *Randles* v. *Lowry, supra,* 4 Cal.App.3d 68, held that a single offer made by a defendant to three separate plaintiffs in a personal injury action was invalid because it could not be determined whether any one plaintiff received a less favorable result than under the offer. The defendant made a settlement offer of $2,300 to the three plaintiffs without specifying the amount offered to each. Two of the plaintiffs prevailed at trial but were awarded less than the statutory offer. On that ground, the trial court denied the plaintiffs' motion for costs.

The reviewing court reversed, characterizing the offer by defendant as a "nullity." The court explained: "The offer was made jointly to all plaintiffs, without designating how it should be divided between them. It is therefore impossible to say that any one plaintiff received a less favorable result than he would have under the offer of compromise." (*Randles* v. *Lowry, supra,* 4 Cal.App.3d at p. 74.)

*Randles* was followed in *Hurlbut* v. *Sonora Community Hospital, supra,* 207 Cal.App.3d 388, in which three plaintiffs made a joint offer to a single defendant without designating how much each plaintiff would receive. At trial, each of the plaintiffs received a verdict for less than the offer, although the aggregate was greater. The appellate court, applying *Randles,* reversed an order granting plaintiffs' expert witness costs, stating: "To consider plaintiffs' joint settlement offer as valid would deprive the defendant of the opportunity to evaluate the likelihood of each party receiving a

---

[4]All further statutory references, unless otherwise specified, are to the Code of Civil Procedure.

more favorable verdict at trial. Such an offer makes it impossible to make such a determination after verdict." (*Hurlbut* v. *Sonora Community Hospital, supra,* at p. 410.)

More recent cases have declined to mechanically apply a rule that renders void any joint offers without first examining whether it can be determined that the party claiming costs has in fact obtained a more favorable judgment.

We took this approach in *Fortman* v. *Hemco, Inc.* (1989) 211 Cal.App.3d 241 [259 Cal.Rpt. 311], a personal injury action in which the minor plaintiff and her mother, who had a separate cause of action, served a joint $1 million offer on the defendant. The mother dismissed her cause of action, and only the minor's action was tried, resulting in a verdict of $26 million-plus. On appeal from the judgment, defendant, citing *Randles* and *Hurlbut,* challenged the trial court's award of prejudgment interest on the grounds that the joint offer was a nullity.

We rejected the challenge, observing that "in [the cited] cases it could not be determined after trial whether the individual plaintiffs received more than they would have received had the offer to compromise been accepted. In our case, however, it is absolutely clear that Nichole received a greater amount in damages after trial than she would have received had Hemco accepted the joint offer even if the entire amount of the offer, $1 million, is attributed to her. . . . [¶] Under these facts, therefore, we decline to mechanically apply *Randles*." (*Fortman* v. *Hemco, Inc., supra,* 211 Cal.App.3d at p. 263.)

Similarly, in *Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282 [261 Cal.Rptr. 605], the defendants made a joint offer to plaintiff in an action alleging construction defects in a townhouse development. One of the defendants, Wilsey & Ham, was dismissed from the action on grounds of the statute of limitations and recovered expert witness fees under section 998. The plaintiff's challenge to the award of such costs was rejected on appeal. The court said: "[A]pplication of section 998 appears appropriate in this case. Though the joint offer did not break down the offer as to particular areas of damage or defendants, Wilsey & Ham received a judgment in its favor. Wilsey & Ham was an absolute prevailing party—it was completely absolved of any liability." (*Winston Square Homeowner's Assn.* v. *Centex West, Inc., supra,* at p. 294.) Thus, as in *Fortman,* the court in *Centex West* looked beyond the simple fact of the joint offer to see if it could be determined whether the party awarded costs had actually received the more favorable judgment.

In the case before us, Ann Stallman and the Estate of Frank Stallman made a joint offer to respondents in the amount of $225,000 without designating what amount of the offer was applicable to each. After trial, the jury made a unitary award of damages to both appellants in the amount of $224,500. This circumstance differs from either *Randles* or *Hurlbut* in which the individual plaintiffs received separate verdicts. Here, there is but a single verdict to be compared to a single offer, and from this comparison it can be clearly determined whether or not the appellants received a more favorable judgment.

Moreover, as appellants point out, any damages awarded to the Estate of Frank Stallman would ultimately pass to Ann Stallman who is the sole intestate heir of Frank Stallman. Accordingly, under the facts of this case, because the joint offer does not prevent a determination of whether appellants received a more favorable judgment the rule of *Randles* and *Hurlbut* is inapplicable.

## II

█ In denying appellants' claim for costs under section 998, the court found that appellants had failed to obtain a more favorable judgment than the statutory offer. The court refused to add ordinary costs to the verdict for the purpose of making this determination. This was error.

Initially, we must distinguish between plaintiffs' and defendants' offers under section 998. Under subdivision (c) of section 998, if "an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer." (§ 998, subd. (c).) Under subdivision (d) of section 998, if "an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment," the defendant may incur both expert witness fees and, under Civil Code section 3291, prejudgment interest from the time of the plaintiff's first statutory offer. (§ 998, subd. (d); Civ. Code, § 3291.)

The question presented by this appeal is: When a plaintiff makes a section 998 offer that the defendant rejects, and the plaintiff obtains a verdict which, standing alone, is less than the offer, what additional costs, if any, are added to the verdict for purposes of determining whether the plaintiff received a more favorable judgment than the statutory offer. Neither the parties nor our own research has revealed a case on point.

█ Instead, we begin with those cases which address this issue in the context of a section 998 offer made by a defendant and rejected by a plaintiff

who then obtains a verdict less than the offer. In such a case, to determine whether the plaintiff obtained a judgment more favorable than defendant's offer, preoffer costs are added to the award of damages. (*Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 342 [261 Cal.Rptr. 568] ["we first add to the judgment of damages those recoverable costs and attorney's fees authorized by statute and incurred before the settlement offer. [Citations.]"]; *Shain* v. *City of Albany* (1980) 106 Cal.App.3d 294, 299 [165 Cal.Rptr. 69].) Postoffer costs are, however, excluded. (*Encinitas Plaza Real* v. *Knight* (1989) 209 Cal.App.3d 996, 1000-1001 [257 Cal.Rptr. 646]; *Kelly* v. *Yee, supra*; *Bennett* v. *Brown* (1963) 212 Cal.App.2d 685, 688 [28 Cal.Rptr. 485].)

The rationale for limiting the prevailing plaintiff to preoffer costs to determine favorability where the defendant has made the section 998 offer, was explained in the *Bennett* decision. In *Bennett*, the defendant made a statutory offer of $600, which the plaintiff refused. Under the then-existing statute (as under current § 998, subd. (c)), a plaintiff who failed to obtain a judgment more favorable than the defendant's offer became liable for defendant's costs from the time of the offer.

The jury returned a verdict in plaintiff's favor for $500. The trial court awarded plaintiff his costs and denied those of defendant. The appellate court reversed the order. It noted that plaintiff's preoffer costs were $99.45 which, when added to the verdict, still fell short of the $600 statutory offer. The court observed that the purpose of the statute was "to encourag[e] the settlement of litigation without trial," by penalizing a plaintiff who rejects a reasonable offer. In order to effectuate this purpose, the court concluded that "costs incurred [by the plaintiff] after the offer has been received must be excluded," when determining whether plaintiff received a more favorable judgment than the defendant's offer. To hold otherwise would enable plaintiff to dramatically increase its postoffer cost for the sole purpose of increasing the likelihood that its final judgment would exceed defendant's offer. (*Bennett* v. *Brown, supra*, 212 Cal.App.2d at p. 688.)

■ Where, as here, it is the plaintiff who makes the section 998 offer, and the defendant who rejects it, the *Bennett* rationale does not apply. There is, then, no reason to limit the plaintiff to damages plus preoffer costs for purposes of determining whether the judgment exceeds the offer. Rather, both pre- and postoffer costs should be added to the verdict to determine the amount of the judgment. In this case it is the defendant who has impeded the statutory purpose by rejecting the offer, thus allowing the plaintiff to incur postoffer costs.

■ In the matter before us, however, the trial court declined to add *any* costs to the verdict, because appellants' statutory offer contained a provision

that, if accepted, each side was to bear its own costs. Based on this language, the trial court apparently concluded that appellants had somehow waived the right to add costs to the verdict for purposes of section 998. This conclusion does not survive scrutiny.

Appellants contend that the language in the offer, "each side to bear its own costs," was included as "incentive" to respondents to settle and should have no effect on the determination of whether they ultimately received a more favorable judgment. Respondents, on the other hand, argue that in view of that language, no costs should be added to plaintiffs' verdict to determine the ultimate judgment. We reject respondents' positions.[5]

Appellants herein claimed ordinary costs in the amount of $5,208.72 as prevailing parties. (§ 1032, subd. (b).) They contend that respondents have conceded ordinary costs in the amount of $2,427.84. Either sum when added to the $224,500 verdict exceeds appellants' statutory offer of $225,998. By refusing to add ordinary costs to the verdict for the purpose of determining whether that judgment exceeded the statutory offer, the trial court erred.

In support of the trial court's position, respondents rely on *Rose* v. *Hertz Corp.* (1985) 168 Cal.App.3d Supp. 6 [214 Cal.Rptr. 795]. In *Rose*, the plaintiff made a statutory offer of $6,999, each side to bear its own costs, and the defendants made an offer of $2,755, including taxable costs to judgment. Neither offer was accepted. Plaintiff prevailed, receiving an award of $2,400. The trial court awarded plaintiff her costs. Defendants appealed, claiming, inter alia, that the trial court had improperly added *preoffer* costs to the verdict for the purpose of determining whether plaintiff had obtained a judgment more favorable than defendants' offer.

The appellate panel rejected the argument, concluding that such costs were correctly added to the verdict and, thus added, established that plaintiff had obtained a more favorable judgment. (*Rose* v. *Hertz Corp., supra,* 168 Cal.App.3d. at p. Supp. 11.) The *Rose* court's result was correct. As the court itself noted, *Bennett* v. *Brown, supra,* 212 Cal.App.2d 685, and subsequent cases have clearly established a plaintiff's right to add preoffer costs to determine whether the judgment exceeds a defendant's offer. Not content to cite the applicable case law, however, the *Rose* court also suggested that whether or not costs are added to the verdict depends on the costs provisions

---

[5]Appellants also sought an alternate position that the court could include the costs that they were willing to forego as part of their offer; i.e., $225,000 plus preoffer costs of $998 equals an offer to settle the case for $225,998 and that the judgment, including costs, would still exceed the offer.

of the statutory offer; "[s]ince defendants' offer *includes consideration of taxable costs*, we look not only to the amount of the jury award of damages but also to those costs which otherwise would be allowable to plaintiff . . . as of the date of the offer." (*Rose* v. *Hertz Corp., supra,* 168 Cal.App.3d at p. Supp. 11, italics added.)

Apparently, the court in *Rose* focused on the language in section 998 permitting either party to submit offers to take judgment "in accordance with the terms and conditions stated at that time" (§ 998, subd. (b)), and decided that the terms and conditions of the offer control whether costs will be added to the award of damages to determine whether or not a plaintiff has received a more favorable judgment than the offer. (*Rose* v. *Hertz, supra,* 168 Cal.App.3d. at p. Supp. 10.) Nothing in the language of the statute nor in any case interpreting it supports this conclusion. Nor can the result be defended on logical grounds. We agree that, under section 998, the costs provision in an offer should be taken into account to determine the amount of the offer for purposes of comparing that amount to the amount of the judgment. It does not follow, however, that the costs provision in the offer should determine what costs are added to the award of damages in order to arrive at the amount of the judgment for purposes of section 998.

The *Rose* opinion fails to explain its conclusion, but it appears that the court was relying on some unspecified principle of contract law (also urged by respondents here) that, having made a statutory offer, a party is bound by its provisions for all purposes. While it is true that section 998 offers are governed by contract law, such principles apply only when they "neither conflict with the statute nor defeat its purpose." (*T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338].)

As we have noted, the chief purpose of section 998 is to encourage settlement of litigation without trial by penalizing a party who rejects a reasonable offer and forces the action to proceed to trial. Where, as here, a plaintiff's offer includes waiver of costs and the defendant rejects the offer, thereby forcing the matter to a trial, allowing the plaintiff to add costs to the award of damages to determine whether the judgment exceeds the offer is consistent with the statutory purpose. By contrast, precluding plaintiff from doing so, and limiting plaintiff to the damages award for purposes of comparison with the offer, might, as in the case before us, reward the non-settling defendants. Such a result is not consistent with the intent of the statute.

Accordingly, we reverse the order of the trial court insofar as it denied appellants costs, including prejudgment interest.[6]

Turning to the cross-appeal, respondent Bell maintains that the trial court erred when it awarded expert witness fees to appellants because it had failed to determine that appellants had received a more favorable judgment under section 998, entitling them to such fees. Inasmuch as we have determined that appellants did obtain such a judgment, we affirm the order awarding them expert witness fees. The matter is remanded, however, for the trial court to determine the amount of prejudgment interest due appellants.

The judgment is affirmed in part, reversed in part and remanded. Appellants to have no costs on appeal.

Epstein, J., and Cooper, J.,* concurred.

The petition of appellant Elissa Bell for review by the Supreme Court was denied February 13, 1992. Panelli, J., as of the opinion that the petition should be granted.

---

[6]We find no merit in the additional "policy" argument raised by respondents Brennan and Petal Pusher Flowers that because they made a nonstatutory settlement offer to appellants, they should not have to bear any portion of appellants' costs under section 998. Although these respondents made a settlement offer, it was vastly less than either appellants' statutory offer or the jury's verdict. The purpose of section 998 is to induce acceptance of reasonable settlement offers, and this purpose is not satisfied simply because some offer is made.

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.