[No. G018400. Fourth Dist., Div. Three. Nov. 9, 1998.]

MADELYN ABBOTT, Plaintiff and Appellant, v.
TAZ EXPRESS et al., Defendants and Respondents.

COUNSEL

Stanton T. Mathews and Paul Ralph for Plaintiff and Appellant.

Gregory F. Stannard and Peter J. King for Defendants and Respondents.

OPINION

**CROSBY, J.**—This appeal is brought by a personal injury plaintiff who contends a jury award for economic damages ($17,300) is inadequate as a matter of law because her vocational rehabilitation expert testified it would cost more than $115,000 to retrain her for less strenuous employment. In a takeoff on "baseball arbitration," plaintiff claims the jury was obliged to either accept or reject this expert testimony on a take-it-or-leave-it basis because there was no competing expert to offer different numbers.

Plaintiff suggests the following rule of law: "[W]hen an expert witness testifies to specific dollar amounts, and not to a range of dollar amounts, for particular types of economic damages, and the jury's award is not consistent with any of those specific amounts, either alone or added together, the jury has arbitrarily and improperly disregarded that expert's testimony [¶] . . . [The jury] could either accept or reject the expert's figures; they could not substitute new figures, because there was no evidence from which new amounts could be drawn."

There is no such rule. Plaintiff forgets that between black and white are various shades of gray, and all of the colors of the rainbow as well. What constitutes fair and reasonable compensation in a particular case is a question of fact, and no precise mathematical formula exists. We refuse to transform the jury's inherently subjective task of calculating damages into a mechanical exercise of voting to accept or reject the testimony of any witness in toto. Substantial evidence sustains its discretionary determination of plaintiff's damages.

I

Plaintiff Madelyn Abbott was employed at the Ritz-Carlton Hotel in Dana Point as a purchasing director. She was injured in September 1994, when a

barrel being delivered by defendant Taz Express, a trucking company, toppled onto her right foot. She tried to catch it, but could not support the weight. She went to a clinic the next day, but there were no signs of trauma and she did not miss any work. She did not seek lost wages or medical expenses.

Plaintiff's medical-legal experts determined she suffered from a debilitating neurological condition (reflex sympathetic dystrophy, also known as RSD) and that she would become disabled within three to five years. The defense challenged the severity of her injuries and the "highly questionable nature of [her] medical condition," noting the dispute among the medical experts concerning the RSD diagnosis.

Plaintiff called Amy Bonneau, a vocational consultant, to testify regarding rehabilitation damages. Assuming plaintiff's disability required more sedentary employment, Bonneau recommended plaintiff undergo a year of full-time schooling to become a human resources director. She estimated plaintiff's damages at $115,200, including tuition, one year of lost income during retraining, and six years of reduced income until she progressed to her current income levels.

Bonneau also testified that plaintiff was unable to perform routine household chores because of chronic pain, which she valued at $11 per hour. So measured, she calculated Abbott's past domestic losses as exceeding $15,000, plus $4,600 per year for future loss of domestic services. Finally, Bonneau assessed plaintiff's relocation expenses at $70,000 to move to a single-story residence to avoid having to climb stairs.

The jury returned with a total verdict of $62,300, with $17,300 in economic damages and $45,000 in noneconomic damages. After factoring in comparative fault, judgment was entered for $41,705. In denying plaintiff's request for an additur, the court stated, "[t]here was substantial evidence, and a fair argument by the defendant, that there was no employment redevelopment need."

## II

█ Reviewing all the evidence and the entire record, it does not appear that the damage award was either unreasonable or inadequate. Substantial evidence supports the special verdict on economic damages.

█ Damages, even economic damages, are difficult to measure in personal injury cases. There may be disputed facts regarding the amount of

medical expenses or lost wages, or disputed inferences about the probable course of events such as the length of incapacitation or whether a continuing disability will worsen, plateau, or improve.

The common law in its wisdom has left these inherently subjective decisions regarding damages with the jury as the trier of fact to apply its collective experience, common sense, and diverse backgrounds. As a further safeguard, the trial judge has considerable discretion to review excessive or inadequate damage awards in conjunction with a motion for new trial. (The court denied a new trial below.) We do not question the discretionary determinations of jury and judge, so long as they fall within a reasonable range permitted by the evidence. (*Da Silva* v. *Pacific King, Inc.* (1987) 195 Cal.App.3d 1, 11 [240 Cal.Rptr. 395] [plaintiff's damages not inadequate as a matter of law].)

A trier of fact is not bound by the exact value of nontechnical services announced by an expert, but " 'may fix the value . . . bringing to bear [its] own general knowledge and is not necessarily bound by express evidence of the value of the services performed.' " (*Burke* v. *City & County of San Francisco* (1952) 111 Cal.App.2d 314, 317 [244 P.2d 708] [value of housewife's services].) Even where there is undisputed evidence regarding a specific component of damages, a lesser award is not necessarily inadequate as a matter of law where it may be justified on an alternative basis. (*Randles* v. *Lowry* (1970) 4 Cal.App.3d 68, 73 [84 Cal.Rptr. 321].)

In *Randles* the court refused to find inadequate damages even though the jury awarded the exact amount of the plaintiff's medical specials and despite evidence of pain and suffering. The court inferred the jury may have excluded a component of the special damages, or concluded plaintiff's injury or pain was not substantial: "In light of this evidence, we cannot say that a judgment coinciding with the amount of medical expenses was inadequate as a matter of law." (4 Cal.App.3d at p. 73.)

Any number of permutations support the jury's special verdict on economic damages. It was not given a specific interrogatory regarding the amount of retraining costs; instead the verdict form broadly asked the jurors to return a single award for *all* economic losses. The jury may have decided to award *no* retraining expenses, but some compensation for loss of domestic services or even relocation expenses.

Plaintiff's treating physician testified in his deposition that her medical condition would "actually slowly improve as time passes." At trial another

medical expert testified plaintiff was "hopefully plateaued"; this expert had no opinion about how long plaintiff could continue in her current job. In closing, plaintiff's counsel recognized that "[t]he doctors couldn't say what the future is going to hold for her," leaving the issue "up to your deliberation." There is reasonable evidentiary support for the award, which falls within the ballpark of plaintiff's requested damages for lost domestic services.

## III

■ Plaintiff alternatively contends the court committed prejudicial error in failing to instruct the jury not to "arbitrarily" or "unreasonably" disregard any expert testimony, presumably including Bonneau's. Without such an admonition, plaintiff reasons, the jury may have felt free to capriciously ignore Bonneau's numbers.

The court gave BAJI No. 2.40 on expert testimony, but omitted the bracketed fourth paragraph: "However, you may not arbitrarily or unreasonably disregard the (medical, scientific, etc.) opinion testimony in this case . . . ." (BAJI No. 2.40 (8th ed. 1994 bound vol.) p. 42.)

The court correctly declined to give the bracketed material. The accompanying Use Note cautions that this fourth paragraph should be stricken "if the facts on which the opinion is base[d] are in dispute, or the underlying facts are . . . capable of being rejected by the jury as untrue or unproven." (Use Note to BAJI No. 2.40, *supra*, at p. 42.) As we have indicated above, the facts underlying Bonneau's testimony (namely the extent of plaintiff's ability to remain at her job) were contested. (See also *Conservatorship of McKeown* (1994) 25 Cal.App.4th 502, 508-509 [30 Cal.Rptr.2d 542].)

Further, there was no likelihood the omitted language prejudicially affected the verdict. (*Rutherford* v. *Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 984 [67 Cal.Rptr.2d 16, 941 P.2d 1203] [affirming verdict despite erroneous burden-shifting instruction].) The jury was instructed generally with BAJI No. 2.20 on how to evaluate the credibility of witnesses: "[G]iven the fact instructions must be considered as a whole and not by the individual paragraphs or sentences" (*Conservatorship of McKeown, supra*, 25 Cal.App.4th at p. 507), the jury was not misled. There was no miscarriage of justice. (*Rutherford* v. *Owens-Illinois, Inc., supra*, 16 Cal.4th at p. 983.)

The judgment is affirmed. Costs on appeal are awarded to Taz Express.

Wallin, Acting P. J., and Rylaarsdam, J., concurred.